UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHARLES W. WINDHAM,<br><br>                     Plaintiff,<br><br>     v.<br><br>M. MARIN, et al.,<br><br>                     Defendants. | 1:14-cv-01636-LJO-BAM (PC)<br><br>ORDER DENYING PLAINTIFF'S REQUEST FOR INVESTIGATION, COURT HEARINGS AND APPOINTMENT OF COUSEL<br><br>(ECF Nos. 18, 19) |

   Plaintiff Charles W. Windham ("Plaintiff") is a state prisoner proceeding in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff initiated this action on October 6, 2014, and the matter was transferred to this Court on October 20, 2014.

   On October 30, 2014, the undersigned found service of the complaint appropriate regarding Plaintiff's claims against Defendants Uribe, Marin, Raley, Contreras, Capano, Rubio and Doe #1 for excessive force in violation of the Eighth Amendment and against Defendants Navarro, Morales, Marin and Shiver for deliberate indifference to serious medical needs in violation of the Eighth Amendment.  Plaintiff was ordered to return the necessary service documents within thirty (30) days. (ECF No. 17.)  On the same date, the undersigned issued Findings and Recommendations that the remaining claims and defendants be dismissed from this action.  Any objections were ordered to be filed within fourteen days of service.  (ECF No. 16.)

1

On April 6, 2015, Plaintiff filed two separate declarations regarding allegations of harassment at the institution where he is housed.  He asserts that he cannot proceed any further without intervention.  Plaintiff therefore requests that the Court investigate his allegations, appoint voluntary counsel, hold court hearings or dismiss this action so that Plaintiff can appeal.

Request for Investigation/Hearings

Plaintiff is advised that the Court does not conduct investigations.  Thus, Plaintiff's declarations requesting such investigation shall be denied.  Similarly, Plaintiff's request for court hearings on his allegations of harassment shall be denied.

Request for Counsel

Plaintiff does not have a constitutional right to appointed counsel in this action, Rand v. Rowland, 113 F.3d 1520, 1525 (9th Cir. 1997), and the court cannot require an attorney to represent plaintiff pursuant to 28 U.S.C. § 1915(e)(1).  Mallard v. United States District Court for the Southern District of Iowa, 490 U.S. 296, 298, 109 S.Ct. 1814, 1816 (1989).  However, in certain exceptional circumstances the court may request the voluntary assistance of counsel pursuant to section 1915(e)(1).  Rand, 113 F.3d at 1525.

Without a reasonable method of securing and compensating counsel, the court will seek volunteer counsel only in the most serious and exceptional cases.  In determining whether "exceptional circumstances exist, the district court must evaluate both the likelihood of success on the merits [and] the ability of the [plaintiff] to articulate his claims pro se in light of the complexity of the legal issues involved." Id. (internal quotation marks and citations omitted).

In the present case, the Court does not find the required exceptional circumstances.  If Plaintiff requires additional time to meet court deadlines to access the law library or prepare legal filings, he may request appropriate extensions of time from the Court.  To the extent Plaintiff complains about his deadline to amend the complaint, Plaintiff has not been granted leave to amend. Rather, as noted above, the Court has recommended that this action proceed on certain of Plaintiff's claims and that the remaining claims be dismissed from this action.  Thus, Plaintiff's request for the appointment of counsel shall be denied.

///

2

Request for Dismissal

As noted above, the Court has found that service of Plaintiff's complaint is appropriate, and the case should proceed on Plaintiff's claims for excessive force against Defendants Uribe, Marin, Raley, Contreras, Capano, Rubio and Doe #1 and for deliberate indifference to serious medical needs against Defendants Navarro, Morales, Marin and Shiver. If Plaintiff wishes to voluntarily dismiss his action at this point, he may do so by filing a notice of voluntary dismissal pursuant to Federal Rule of Civil Procedure 41(a)(1)(A).

Based on the foregoing, it is HEREBY ORDERED that:

1. Plaintiff's declaration requesting a court investigation and court hearings is DENIED; and

2. Plaintiff's request for the appointment of voluntary counsel is DENIED without prejudice.

IT IS SO ORDERED.

Dated:   **April 9, 2015**                    /s/ *Barbara A. McAuliffe*
                                    UNITED STATES MAGISTRATE JUDGE