# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHARLES W. WINDHAM,<br><br>             Plaintiff,<br><br>     v.<br><br>M. MARIN, et al.,<br><br>             Defendants. | 1:14-cv-01636-LJO-BAM (PC)<br><br>FINDINGS AND RECOMMENDATIONS REGARDING PLAINTIFF'S REQUEST FOR INJUNCTIVE RELIEF<br>(ECF Nos. 25, 26)<br><br>FOURTEEN-DAY DEADLINE |

      Plaintiff Charles W. Windham ("Plaintiff") is a state prisoner proceeding in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff initiated this action on October 6, 2014, and the matter was transferred to this Court on October 20, 2014.

      On March 30, 2015, the Court found service of Plaintiff's original complaint appropriate and directed Plaintiff to submit service documents for Defendants Uribe, Marin, Raley, Contreras, Capano, Rubio, Shiver, Morales and Navarro. (ECF No. 17.) On April 13, 2015, Plaintiff returned service documents for defendants, and the Court directed the United States Marshal to serve Plaintiff's complaint, filed on October 6, 2014. (ECF Nos. 23, 24.)

      On April 6, 2015, Plaintiff filed two separate declarations regarding allegations of harassment at the institution where he is housed. On April 9, 2015, the Court denied Plaintiff's request for investigation and court hearings regarding his allegations. (ECF No. 21.)

1       On April 13 and April 15, 2015, Plaintiff again filed declarations regarding allegations of harassment at the institution where he is housed.  Plaintiff seeks a protective order.  (ECF Nos. 25, 26.)  The Court construes Plaintiff's declarations as requests for injunctive relief.

       A plaintiff seeking injunctive relief "must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest."  Winter v. Natural Resources Defense Council, Inc., 555 U.S. 7, 20, 129 S.Ct. 365, 374 (2008) (citations omitted).  An injunction may only be awarded upon a clear showing that the plaintiff is entitled to relief.  Id. at 22 (citation omitted).

       Federal courts are courts of limited jurisdiction and, in considering a request for injunctive relief, the Court is bound by the requirement that as a preliminary matter, it have before it an actual case or controversy.  City of Los Angeles v. Lyons, 461 U.S. 95, 102, 103 S.Ct. 1660, 1665 (1983); Valley Forge Christian Coll. v. Ams. United for Separation of Church and State, Inc., 454 U.S. 464, 471, 102 S.Ct. 752, 757-58 (1982).  If the Court does not have an actual case or controversy before it, it has no power to hear the matter in question.  Lyons, 461 U.S. at 102; Valley Forge Christian Coll., 454 U.S. at 471.  Thus, "[a] federal court may issue an injunction [only] if it has personal jurisdiction over the parties and subject matter jurisdiction over the claim; it may not attempt to determine the rights of persons not before the court."  Zepeda v. United States Immigration Serv., 753 F.2d 719, 727 (9th Cir.1983); see Fed. R. Civ. P. 65(d) (listing persons bound by injunction).

       The Court has reviewed Plaintiff's declarations regarding alleged harassment and abuse at Corcoran State Prison.  According to these declarations, Plaintiff is complaining of the actions of the following individuals:  (1) Gutierrez; (2) Nadal; (3) Castro; (4) Zapata; and (5) Bennett. (ECF Nos. 18, 19, 25, 26.)  Plaintiff also seeks an order directed at Warden Davey.  However, these persons are not defendants in the current action, which involves allegations related to past incidents of excessive force and deliberate indifference to serious medical needs.  The Court therefore lacks personal jurisdiction over these individuals and cannot issue the requested relief.

Accordingly, the Court HEREBY RECOMMENDS that Plaintiff's request for injunctive relief be denied.

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l).  Within **fourteen (14) days** after being served with these Findings and Recommendations, Plaintiff may file written objections with the Court.  The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Plaintiff is advised that failure to file objections within the specified time may result in the waiver of the "right to challenge the magistrate's factual findings" on appeal.  Wilkerson v. Wheeler, 772 F.3d 834, 839 (9th Cir. 2014) (citing Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:   **April 20, 2015**               /s/ Barbara A. McAuliffe
                                          UNITED STATES MAGISTRATE JUDGE