UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHARLES W. WINDHAM,<br><br>    Plaintiff,<br><br>    v.<br><br>M. MARIN, et al.,<br><br>    Defendants. | Case No.: 1:14-cv-01636-LJO-BAM (PC)<br><br>FINDINGS AND RECOMMENDATIONS REGARDING PLAINTIFF'S MOTION TO PROCEED BEFORE U.S. MAGISTRATE JUDGE (ECF No. 40)<br><br>FOURTEEN-DAY DEADLINE |

Plaintiff Charles W. Windham ("Plaintiff") is a state prisoner proceeding pro se in this civil rights action pursuant to 42 U.S.C. § 1983.  This action proceeds on Plaintiff's Eighth Amendment claims of excessive force against Defendants M. Marin, D. Uribe, W. Rasley, J. Contreras, A. Capano, R. Rubio and Doe #1, and for deliberate indifference to serious medical needs against Defendants C. Navarro, V. Morales, M. Marin and S. Shiver.  Plaintiff's claims arise out of an alleged unprovoked assault on September 11, 2014 at the Corcoran State Prison.

Presently pending before the Court is Plaintiff's motion filed on July 31, 2015 and entitled, "DEFENDANTS' VIOLATION OF COURT'S 6-16-15 ORDER."  (ECF No. 40.)  In his motion, Plaintiff alleges that he previously consented to the jurisdiction of the undersigned United States Magistrate Judge for all proceedings in this case.  (Id. at p. 1.)  He further alleges that Defendants were ordered to consent or decline to consent to such jurisdiction within 30 days of June 16, 2015.  (Id.)  He observes that Defendants' form declining to consent was filed on July 23, 2015, (ECF. No. 39.), after

1

1  the 30-day deadline.  (Id. at pp. 1-2.)  He argues that by filing their form after the deadline, Defendants
2  have waived their choice to consent or decline to a United States Magistrate Judge's jurisdiction for all
3  further proceedings in this matter, and consequently they should be compelled to proceed before the
4  undersigned for all further proceedings in this case, including any trial.  (Id. at p. 2.)

5        The Court construes Plaintiff's motion as a request to proceed before a United States
6  magistrate judge for all further proceedings in this case despite Defendants' non-consent, and
7  recommends that his motion be denied.  "The Federal Magistrate Act provides that '[u]pon the consent
8  of the parties, a full-time United States magistrate judge . . . may conduct any or all proceedings in a
9  jury or nonjury civil matter and order the entry of judgment in the case, when specially designated to
10 exercise such jurisdiction by the district court.' "  Roell v. Withrow, 538 U.S. 580, 585, 123 S.Ct.
11 1696, 1700 (2003) (alterations in original) (quoting 28 U.S.C. § 636(c)(1)).  "Consent thus emerges
12 from the statute as the touchstone of magistrate judge jurisdiction." Anderson v. Woodcreek Venture
13 Ltd., 351 F.3d 911, 914 (9th Cir. 2003).  Here, the parties have not all agreed to consent to a United
14 States Magistrate Judge's jurisdiction for all further proceedings in this case.  Contrary to Plaintiff's
15 allegations, the forms he previously submitted did not indicate that he consented to a magistrate
16 judge's jurisdiction for all further proceedings in this case, but rather indicated he declined to consent
17 to such jurisdiction. (ECF. Nos. 6, 8.)  His motion is the first written indication that he wishes to
18 consent.  Nevertheless, Defendants have unequivocally indicated that they decline to consent to such
19 jurisdiction at this time.  Without the consent of all parties, a United States magistrate judge may not
20 preside over the trial in this case or make dispositive rulings.  28 U.S.C. § 636(c)(1).  Although
21 Defendants should have completed and returned their form to the Clerk's Office within 30 days as
22 ordered, it is not appropriate to treat the lack of timeliness on their part as waiving their decision to
23 decline to a magistrate judge's jurisdiction for all further proceedings in this matter.

24       Accordingly, the Court HEREBY RECOMMENDS that Plaintiff's motion to proceed before a
25 United States Magistrate Judge for all further proceedings in this case be denied.

26       These Findings and Recommendations will be submitted to the United States District Judge
27 assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l).  Within **fourteen (14)**
28 **days** after being served with these Findings and Recommendations, Plaintiff may file written

objections with the Court.  The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Plaintiff is advised that failure to file objections within the specified time may result in the waiver of the "right to challenge the magistrate's factual findings" on appeal.  Wilkerson v. Wheeler, 772 F.3d 834, 839 (9th Cir. 2014) (citing Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

    Dated:   **August 6, 2015**                    /s/ Barbara A. McAuliffe          _
                                                                          UNITED STATES MAGISTRATE JUDGE