UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHARLES W. WINDHAM,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>M. MARIN, et al.,<br><br>　　　　　Defendants. | Case No.: 1:14-cv-01636-LJO-BAM (PC)<br><br>ORDER DENYING PLAINTIFF'S MOTION FOR RECONSIDERATION OF ORDER GRANTING STAY OF NON-EXHAUSTION DISCOVERY AND EXTENSION OF TIME TO RESPOND TO PENDING DISCOVERY REQUESTS<br><br>(ECF No. 45) |

　　　　Plaintiff Charles W. Windham ("Plaintiff") is a state prisoner proceeding pro se in this civil rights action pursuant to 42 U.S.C. § 1983. This action proceeds on Plaintiff's Eighth Amendment claims of excessive force against Defendants M. Marin, D. Uribe, W. Rasley, J. Contreras, A. Capano, R. Rubio, and Doe #1, and for deliberate indifference to serious medical needs against Defendants C. Navarro, V. Morales, M. Marin, and S. Shiver.  Plaintiff's claims arise out of an alleged unprovoked assault on September 11, 2014 at the Corcoran State Prison.  Currently pending before the Court are Plaintiff's "objections" to the Magistrate Judge's August 17, 2015 order, in which he moves this Court to reconsider that order.  (ECF No. 45.)  For the reasons discussed below, Plaintiff's motion for reconsideration is denied.

///

///

1

I.      **Background**

On August 17, 2015, the Magistrate Judge granted Defendants' request to stay all non-exhaustion related discovery pending the disposition of their motion for summary judgment under Federal Rule of Civil Procedure 56 for failure to exhaust administrative remedies.  (ECF No. 43.)  The Magistrate Judge also granted Defendants an extension of time to respond to Plaintiff's then-pending discovery requests, until after this Court decides the aforementioned motion for summary judgment.  (Id. at 3.)  Pursuant to Local Rule 230(l), the Magistrate Judge ruled on Defendants' motion for the stay of discovery and extension of time to respond to the discovery requests without waiting for Plaintiff's response, finding a response unnecessary and that he would not be prejudiced by the stay.  (Id. at 2, n.1.)

On August 26, 2015, Plaintiff filed objections to the Magistrate Judge's August 17, 2015 order and a concurrent opposition to the Defendants' motion.  (ECF Nos. 45, 46.)  In his objections, Plaintiff urges this Court to reconsider and reverse the Magistrate Judge's order granting Defendants' motion.  (ECF No. 45, p. 4).  In support, he argues that the Defendants deliberately waited to make their motion until one week before their responses to certain interrogatories were due.  (Id. at 2).  He further argues that Defendants' summary judgment motion will fail, and will be a waste of both his and the Court's time and resources.  (Id. at 3.)  He contends that he will suffer prejudice from the discovery stay since it will shorten the time for discovery under the current schedule, and further contends that he deserves to learn certain financial information about Defendants.  (Id. at 3-4.)

In Plaintiff's concurrent opposition to the Defendants' motion, he argues that he is entitled to the non-exhaustion related discovery responses that Defendants contend is undiscoverable, that they have been given an extension to answer until after the stay.  (ECF No. 46, p. 3.)  He also contends that Defendants' motion was made for the improper purposes of delaying this litigation, and that it will be denied on the merits.  (Id. at 4-6.)

II.     **Motion for Reconsideration**

Since Plaintiff seeks for this Court to reverse the August 17, 2015 order of the Magistrate Judge in his objections, the Court construes the objections as a motion for reconsideration. Reconsideration motions are committed to the discretion of the trial court.  Smith v. Clark Cnty. Sch.

2

Dist., 727 F.3d 950, 954 (9th Cir. 2013) (citing SEC v. Platforms Wireless Int'l Corp., 617 F.3d 1072, 1100 (9th Cir. 2010)). "A motion for reconsideration should not be granted, absent highly unusual circumstances, unless the district court is presented with newly discovered evidence, committed clear error, or if there is an intervening change in the controlling law," Marlyn Nutraceuticals, Inc. v. Mucos Pharma GmbH & Co., 571 F.3d 873, 880 (9th Cir. 2009) (internal quotations marks and citations omitted), and "[a] party seeking reconsideration must show more than a disagreement with the Court's decision, and recapitulation . . ." of that which was already considered by the Court in rendering its decision," U.S. v. Westlands Water Dist., 134 F.Supp.2d 1111, 1131 (E.D. Cal. 2001). To succeed, a party must set forth facts or law of a strongly convincing nature to induce the court to reverse its prior decision. See Kern-Tulare Water Dist. v. City of Bakersfield, 634 F.Supp. 656, 665 (E.D. Cal. 1986), aff'd in part and rev'd in part on other grounds, 828 F.2d 514 (9th Cir. 1987).

This Court reviews a motion to reconsider a Magistrate Judge's ruling under the "clearly erroneous or contrary to law" standard set forth in 28 U.S.C. § 636(b)(1)(A); Fed. R. Civ. P. 72(a). As such, the court may only set aside those portions of a Magistrate Judge's order that are either clearly erroneous or contrary to law. Fed. R. Civ. P. 72(a); see also Grimes v. City and County of San Francisco, 951 F.2d 236, 240 (9th Cir. 1991) (discovery sanctions are non-dispositive pretrial matters that are reviewed for clear error under Rule 72(a)). A magistrate judge's factual findings are "clearly erroneous" when the district court is left with the definite and firm conviction that a mistake has been committed. Security Farms v. International Bhd. of Teamsters, 124 F.3d 999, 1014 (9th Cir. 1997). "An order is contrary to law when it fails to apply or misapplies relevant statutes, case law, or rules of procedure." Jadwin v. Cnty. of Kern, 767 F.Supp. 2d 1069, 1110-11 (E.D. Cal. 2011) (citing DeFazio v. Wallis, 459 F.Supp.2d 159, 163 (E.D.N.Y. 2006)).

With these standards in mind, the Court turns to Plaintiff's motion for reconsideration. First the Court notes that Plaintiff confirms he has a disagreement with Defendants regarding some of his non-exhaustion related discovery requests. This supports the Magistrate Judge's finding that proceeding with non-exhaustion related discovery in this case will result in litigation over that discovery, which would be a waste of costs and resources to litigate if Defendants ultimately prevail on their motion for summary judgment. (See ECF No. 43, p. 2.) Second, regarding Plaintiff's

argument that he will suffer a prejudice from the stay due to it shortening the time for discovery, the Magistrate Judge had already considered this issue and found a brief delay will not result in prejudice, given the amount of time left for discovery and the imminent filing of the Defendants' summary judgment motion.  (Id. at 2-3.)  Furthermore, should Plaintiff's action survive Defendants' motion for summary judgment and the parties find they have insufficient time to complete discovery despite their diligence, the parties may move for an extension of time to complete discovery on good cause shown.  Thus, the Magistrate Judge's findings that judicial efficiency is promoted by the stay and extension of time granted in this case, and that Plaintiff will not be prejudiced, are neither clearly erroneous nor contrary to law.

Third, Plaintiff's arguments against the merits of Defendants' planned motion for summary judgment are premature.  These arguments are better addressed in briefing that motion, where Plaintiff can provide the authority and support for his positions that he admits he has not had sufficient time to develop. (ECF No. 46, p. 2-3.)  The fact that Plaintiff contests the motion on several substantive grounds, however, shows that it will not be a waste of time or resources to decide it.  Nor has Plaintiff shown the motion was made for any improper purposes, as it appears from his own arguments that the issue of exhaustion is genuinely disputed in this case.  Therefore, Plaintiff's own arguments here support the Magistrate Judge's decision to impose a stay and grant an extension of time to respond to non-exhaustion related discovery in this case, and the Court finds no grounds to overturn the Magistrate Judge's order.

### III. Disposition

Accordingly, IT IS HEREBY ORDERED that Plaintiff's August 26, 2015 "Objections to Magistrate Judge's (Premature) Order Granting Defendants' Stay/Extension of Time, Etc." (ECF No. 45.) is DENIED.

IT IS SO ORDERED.

Dated:   **August 31, 2015**              **/s/ Lawrence J. O'Neill**
                                          UNITED STATES DISTRICT JUDGE