# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHARLES W. WINDHAM,<br><br>           Plaintiff,<br><br>      v.<br><br>M. MARIN, et al.,<br><br>           Defendants. | 1:14-cv-01636-DAD-BAM (PC)<br><br>ORDER DENYING PLAINTIFF'S REQUEST TO DECLARE GLARING CONFLICT OF INTEREST BETWEEN ALL DEFENDANTS AND THE CALIF. ATTORNEY GENERAL'S OFFICE & FOR COURT TO ORDER NEW SEPARATE COUNSELS FOR EACH DEFENDANT<br><br>(ECF No. 36) |

Plaintiff Charles W. Windham ("Plaintiff") is a state prisoner proceeding pro se in this civil rights action pursuant to 42 U.S.C. § 1983. This action proceeds on Plaintiff's Eighth Amendment claims of excessive force against Defendants M. Marin, D. Uribe, W. Rasley, J. Contreras, A. Capano, R. Rubio, and Doe #1, and for deliberate indifference to serious medical needs against Defendants C. Navarro, V. Morales, M. Marin, and S. Shiver.

Currently before the Court is Plaintiff's request to declare a conflict of interest between Defendants and their counsel and to order each Defendant to be represented by a different attorney. (ECF No. 36). In the motion, Plaintiff argues that the joint representation of all Defendants by the same Deputy Attorney General is a conflict of interest, because the Defendants may have different defenses that require presenting arguments or evidence against

each other. Plaintiff asserts that only one Defendant should be represented by the Deputy Attorney General of record, and that each other Defendant should be ordered to obtain separate and new counsel.

The Court advises Plaintiff that the Attorney General has a duty to represent any state officer or agency. See, e.g., Cal. Gov't Code § 12511 ("The Attorney General has charge, as attorney, of all legal matters in which the State is interested . . . ."); id. § 12512 ("The Attorney General shall . . . prosecute or defend all causes to which the State, or any State officer is a party in his or her official capacity."). The Attorney General also has a duty to represent the public interest. See D'Amico v. Bd. of Med. Examiners, 11 Cal.3d 1, 15, 112 Cal.Rptr. 786, 520 P.2d 10 (1974). In D'Amico, the California Supreme Court explained:

> In the course of discharging this duty [to defend all cases in which the state or one of its officers is a party] he is often called upon to make legal determinations both in his capacity as a representative of the public interest and as statutory counsel for the state or one of its agencies or officers. In the great majority of such cases no conflict will result because in representing the interest of his 'client' the Attorney General will take a position consistent with what he deems to be in the public interest. In the exceptional case the Attorney General, recognizing that his paramount duty to represent the public interest cannot be discharged without conflict, may consent to the employment of special counsel by a state agency or officer. However, unless the Attorney General asserts the existence of such a conflict, it must be concluded that the actions and determinations of the Attorney General in such a lawsuit are made both as a representative of the public interest and as counsel for the state agency or officer.

Id.

In this case, the Attorney General has not indicated the existence of any conflict of interest. In addition, the Court finds that this case does not present the "exceptional case" where the Attorney General faces a conflict of interest. Based upon the fact that the Defendants filed a joint motion for summary judgment, for example, it appears their interests and defenses are aligned.

///

///

Accordingly, IT IS HEREBY ORDERED that Plaintiff's request for the Court to declare a conflict of interest and order that Defendants each obtain separate counsel (ECF No. 36) is DENIED.

IT IS SO ORDERED.

Dated:   **December 23, 2015**              /s/ *Barbara A. McAuliffe*
                                          UNITED STATES MAGISTRATE JUDGE