UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHARLES W. WINDHAM,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>M. MARIN, et al.,<br><br>　　　　　Defendants. | Case No.: 1:14-cv-01636-DAD-BAM (PC)<br><br>FINDINGS AND RECOMMENDATION RECOMMENDING DENIAL OF MOTION TO DISMISS PLAINTIFF'S ACTION PURSUANT TO FED. R. CIV. P. 41(b)<br><br>FOURTEEN (14) DAY DEADLINE |

**FINDINGS AND RECOMMENDATIONS**

Plaintiff Charles W. Windham ("Plaintiff") is a state prisoner proceeding pro se in this civil rights action pursuant to 42 U.S.C. § 1983. This action proceeds on Plaintiff's Eighth Amendment claims of excessive force against Defendants M. Marin, D. Uribe, W. Rasley, J. Contreras, A. Capano, R. Rubio, and Doe #1, and for deliberate indifference to serious medical needs against Defendants C. Navarro, V. Morales, M. Marin and S. Shiver.

**I.　Motion to Dismiss**

On February 5, 2016, Defendants filed a motion to dismiss this matter, noting that Plaintiff has failed to comply with two prior orders from this Court to submit an opposition brief to Defendants' pending motion for summary judgment, and also failed to serve interrogatory responses. (ECF No. 61.) Defendants also noted that Plaintiff had not filed anything in this matter since September 2015.

1

(Id. at 3.)[1] As a result, Defendants move for this action to be dismissed pursuant to Federal Rule of Civil Procedure 41(b).

On February 15, 2016, shortly after Defendants' motion to dismiss was filed, Plaintiff filed an opposition, (ECF No. 62), supported by a later-filed declaration, (ECF No. 64). Plaintiff asserts that he was transferred to the California Health Care Facility in Stockton, California on October 1, 2015, and from that date until about January 13, 2016, he was unable to communicate with the Court and Defendants due to various reasons. These reasons included problems with the mail, including lack of access to his legal mail; lack of access to writing and mailing supplies; health and medical treatment matters; and matters pertaining to problems with the correctional institution staff. Plaintiff further asserts that he is now housed in a unit where those issues are resolved, except that his legal property is still stored at his prior institution in Corcoran, California, and he has not yet received those materials. Plaintiff states that his lack of compliance with the Court's previous orders has been due to these reasons. Plaintiff seeks and order directing Defendants to re-serve their interrogatories and motion for summary judgment on him, and permitting him time to respond.

Defendants have not replied to Plaintiff's opposition. The motion is deemed submitted. Local Rule 230(l).

**II.     Discussion**

Federal Rule of Civil Procedure 41(b) provides, in pertinent part, that "[i]f the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it." Fed. R. Civ. P. 41(b). In determining whether to dismiss an action, the Court must consider several factors: (1) the public's interest in expeditious resolution of litigation; (2) the Court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions. Henderson v. Duncan, 779 F.2d 1421, 1423 (9th Cir. 1986); Carey v. King, 856 F.2d 1439 (9th Cir. 1988).

///

---

[1]     Defendants are not entirely correct in this representation. Plaintiff filed a notice of change of address on January 31, 2016, which was entered on the docket on February 4, 2016, just before Defendants filed their motion to dismiss. (ECF No. 60.)

In this case, considering the relevant factors and the parties' submissions, the Court recommends denial of Defendants' motion to dismiss. Although the parties' compliance with pending deadlines and court orders is very important, in these circumstances the litigation has not yet been unduly delayed, nor has the Court's ability to manage its docket been substantially burdened. Plaintiff has shown good cause for his non-compliance under the circumstances, and a willingness to prosecute this matter in a timely fashion, so as to achieve disposition on the merits. Defendants argue they are prejudiced by the delay here, because they did not received responses to the interrogatories they served, which were related to exhaustion issues and thus affected their motion for summary judgment. The Court finds that these matters can be alleviated with less-drastic remedies than dismissal, such as by ordering Plaintiff to respond to the interrogatories, and permitting Defendants to submit additional briefing in support of their motion for summary judgment, if warranted. The Court may also order Plaintiff to file his overdue opposition to the motion for summary judgment under a strict deadline, so as to alleviate any further delays in this matter.

### III. Conclusion and Recommendation

For these reasons, the Court HEREBY RECOMMENDS that Defendants motion to dismiss pursuant to Rule 41(b), (ECF No. 61), be denied.

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l).  Within **fourteen (14) days** after being served with these Findings and Recommendations, the parties may file written objections with the court.  The document should be captioned "Objections to Magistrate Judge's Findings and Recommendation." The parties are advised that failure to file objections within the specified time may result in the waiver of the "right to challenge the magistrate's factual findings" on appeal.  Wilkerson v. Wheeler, 772 F.3d 834, 839 (9th Cir. 2014) (citing Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated: **April 4, 2016**   /s/ Barbara A. McAuliffe
UNITED STATES MAGISTRATE JUDGE