UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHARLES W. WINDHAM,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>M. MARIN, et al.,<br><br>　　　　Defendants. | Case No.: 1:14-cv-01636-DAD-BAM (PC)<br><br>FINDINGS AND RECOMMENDATION RECOMMENDING DENIAL OF DEFENDANTS' SECOND MOTION TO DISMISS PLAINTIFF'S ACTION PURSUANT TO FED. R. CIV. P. 41(b)<br><br>(ECF No. 66)<br><br>**FOURTEEN (14) DAY DEADLINE** |

**FINDINGS AND RECOMMENDATIONS**

**I.　Introduction and Procedural Background**

　　Plaintiff Charles W. Windham ("Plaintiff") is a state prisoner proceeding pro se in this civil rights action pursuant to 42 U.S.C. § 1983. This action proceeds on Plaintiff's Eighth Amendment claims of excessive force against Defendants M. Marin, D. Uribe, W. Rasley, J. Contreras, A. Capano, R. Rubio, and Doe #1, and for deliberate indifference to serious medical needs against Defendants C. Navarro, V. Morales, M. Marin and S. Shiver.

　　On September 9, 2015, over a year ago, Defendants filed a motion for summary judgment in this action. (ECF No. 49.) Plaintiff did not respond to that motion within the time permitted, and on February 5, 2016, Defendants filed a motion to dismiss this action pursuant to Federal Rule of Civil

1

Procedure 41(b). (ECF No. 61.) On April 4, 2016, the Court recommended that Plaintiff's motion to dismiss be denied, as Plaintiff indicated he would prosecute his action and was prevented from doing so due to no fault of his own. (ECF No. 65.)

Currently before the Court is Defendants' second motion to dismiss, filed on August 18, 2016, before the District Judge could consider the previously issued findings and recommendations. (ECF No. 66.) Defendants declare that on February 19, 2016, they re-served Plaintiff with the motion for summary judgment to which he had not yet responded, as well as some unanswered interrogatories. (ECF No. 66-1, ¶ 3; ECF No. 66-2, pp. 22-23.) Despite this, Plaintiff had still not responded to the pending motion for summary judgment. Defendants again seek dismissal of this action pursuant to Rule 41(b).

On September 28, 2016, Plaintiff opposed Defendants' second motion to dismiss. (ECF No. 70.) He indicates that he has not abandoned this action and has been acting diligently to comply with his duties in this action. He attached to his opposition the following documents (1) an opposition to Defendants' motion for summary judgment, dated June 1, 2016 (id. at 10-12); (2) the first page of his statement of disputed facts in support of his opposition to Defendants' motion for summary judgment (id. at 14); (3) a memorandum of points and authorities in support of his opposition to Defendants' motion for summary judgment, (id. at 16-20); (4) the first page of a document entitled, "Response to Defendants' Memo of Points and Authorities" (id. at 22); (5) his Local Rule 260(b) statement of admissions and denials, dated May 15, 2016 (id. at 24-25); (6) a declaration of facts, dated May 15, 2016 (id. at 26-29); and (7) responses to Defendants' interrogatories, dated March 10, 2016 (id. at 32-50). Full versions of these documents (except for the interrogatory responses, which are not required to be provided to the Court) were provided for filing on the docket, and were so filed, on October 13, 2016. Plaintiff does not explain why his documents were not filed with the Court and served on Defendants on or around the dates that they are dated.

On October 3, 2016, Defendants filed a reply in support of their second motion to dismiss. (ECF No. 71.) They contend that dismissal is still warranted in this case. This motion is deemed submitted. Local Rule 230(l).

///

## II.    Motion to Dismiss

Federal Rule of Civil Procedure 41(b) provides, in pertinent part, that "[i]f the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it." Fed. R. Civ. P. 41(b). In determining whether to dismiss an action, the Court must consider several factors: (1) the public's interest in expeditious resolution of litigation; (2) the Court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions. Henderson v. Duncan, 779 F.2d 1421, 1423 (9th Cir. 1986); Carey v. King, 856 F.2d 1439 (9th Cir. 1988).

In this case, considering the relevant factors and the parties' submissions, the Court recommends denial of Defendants' second motion to dismiss. Certainly, Plaintiff's lack of explanation for his late-filings is problematic, and the expeditious resolution of this litigation has been delayed by his actions. Nevertheless, the Court does not find any prejudice to Defendants here, who have now received by Plaintiff's submission to the Court, the responses to the interrogatories that they sought, as well as a substantive opposition to their motion for summary judgment. Further, any potential harm to Defendants by the delayed responses they have received to their motion and their interrogatories can be lessened by allowing them additional time or additional length in their reply brief in support of their motion for summary judgment, if warranted. The public policy favoring a disposition on the merits strongly weighs in favor of allowing this action to proceed. Overall, under the circumstances, the Court recommends that the matter proceed on the merits without further delay.

## III.    Conclusion and Recommendation

For these reasons, the Court HEREBY RECOMMENDS that Defendants' second motion to dismiss pursuant to Rule 41(b), (ECF No. 66), be denied.

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l).  Within **fourteen (14) days** after being served with these Findings and Recommendations, the parties may file written objections with the court.  The document should be captioned "Objections to Magistrate Judge's Findings and Recommendation." The parties are advised that failure to file objections within the

specified time may result in the waiver of the "right to challenge the magistrate's factual findings" on appeal. Wilkerson v. Wheeler, 772 F.3d 834, 839 (9th Cir. 2014) (citing Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:   **October 18, 2016**               /s/ *Barbara A. McAuliffe*
                                          UNITED STATES MAGISTRATE JUDGE