UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHARLES WINDHAM,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>M. MARIN, et al.,<br><br>　　　　Defendants. | Case No.: 1:14-cv-01636-DAD-BAM (PC)<br><br>ORDER DENYING PLAINTIFF'S MOTION TO COMPEL DEFENDANTS' RESPONSES TO INTERROGATORIES AND PRODUCTION OF DOCUMENTS<br><br>(ECF No. 50) |

**I.　　Introduction**

Plaintiff Charles W. Windham ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. This action proceeds against Defendants Uribe, Marin, Rasley, Contreras, Capano, Rubio and Doe #1 for excessive force in violation of the Eighth Amendment and against Defendants Navarro, Morales, Marin and Shiver for deliberate indifference to serious medical needs in violation of the Eighth Amendment.

Currently pending before the Court is Plaintiff's motion, filed on September 8, 2015, seeking to compel Defendants' responses to Plaintiff's interrogatories and requests for production of documents. (ECF No. 50.) No opposition was filed, and the motion is deemed submitted. Local Rule 230(l).

///

**II.     Procedural Background**

On June 16, 2015, the Court issued a Discovery and Scheduling Order in this action. The order set the deadline to file a motion for summary judgment under Federal Rule of Civil Procedure 56 for failure to exhaust administrative remedies as September 16, 2015. The Court also set the deadline for completion of all discovery as February 16, 2016. (ECF No. 34).

On July 2, 2015, Plaintiff served special interrogatories set number 1 on all defendants. Plaintiff also served a request for production of documents on July 15, 2015. (ECF No. 42 at 2; No. 50 at 2). Counsel represented that the discovery was not legitimate or was unrelated to exhaustion.

On August 13, 2015, Defendants filed a motion requesting that the Court extend the time for Defendants to respond to Plaintiff's interrogatories and request for production of documents until 30 days after disposition of their anticipated motion for summary judgment for failure to exhaust administrative remedies. (ECF No. 42).

On August 18, 2015, the Court granted a stay of all non-exhaustion related discovery pending disposition of Defendants' anticipated motion for summary judgment for failure to exhaust administrative remedies. The Court also granted Defendants' request for an extension of time to respond to Plaintiff's July 2, 2015 special interrogatories and July 15, 2015 request for production of documents. The Court directed that responses to those discovery requests would be due thirty (30) days after resolution of Defendants' motion for summary judgment for failure to exhaust administrative remedies. (ECF No. 43 at 3).

On August 26, 2015, Plaintiff filed objections and a request for reconsideration of the Court's order granting a stay of non-exhaustion discovery and extension of time for Defendants to respond to pending discovery requests. (ECF No. 45). On September 2, 2015, the District Court Judge denied Plaintiff's motion for reconsideration. (ECF No. 47).

On September 2, 2015, Defendants filed their motion for summary judgment for failure to exhaust administrative remedies. (ECF No. 49).

On September 8, 2015, Plaintiff filed the instant motion to compel Defendants' responses to his July 2, 2015 interrogatories and his July 15, 2015 request for production of documents. (ECF No. 50). Defendants did not file a response.

### III. Discussion

Plaintiff's motion to compel responses to his interrogatories and request for production of documents is, at best, premature. The Court has stayed all non-exhaustion related discovery pending disposition of Defendants' motion for summary judgment for failure to exhaust administrative remedies. The Court also has granted Defendants an extension of time until thirty (30) days after resolution of the pending motion for summary judgment to respond to the discovery requests at issue. As of the date of this order, Defendants' motion for summary judgment has not been resolved. Therefore, Defendants are not currently obligated to respond to Plaintiff's pending discovery requests, and the Court will not compel any responses at this time.

### IV. Conclusion and Order

For the reasons stated, Plaintiff's motion to compel Defendants' responses to interrogatories and production of documents, filed on September 8, 2015, is HEREBY DENIED.

IT IS SO ORDERED.

Dated:   **February 10, 2017**           /s/ Barbara A. McAuliffe
                                        UNITED STATES MAGISTRATE JUDGE