UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHARLES W. WINDHAM,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>M. MARIN, et al.,<br><br>　　　　　Defendants. | No. 1:14-cv-01636 DAD-BAM (PC)<br><br>ORDER DISREGARDING PLAINTIFF'S OBJECTIONS TO COURT'S ORDERS<br><br>(ECF No. 51) |

　　　　Plaintiff Charles W. Windham is a state prisoner proceeding pro se in this civil rights action pursuant to 42 U.S.C. § 1983. This action proceeds on Plaintiff's Eighth Amendment claims of excessive force against defendants M. Marin, D. Uribe, W. Rasley, J. Contreras, A. Capano, R. Rubio, and Doe #1, and for deliberate indifference to serious medical needs against defendants C. Navarro, V. Morales, M. Marin, and S. Shiver.  Plaintiff's claims arise out of an alleged unprovoked assault on September 11, 2014 at Corcoran State Prison.

　　　　Currently pending before the court are Plaintiff's "objections" to (1) the undersigned's August 17, 2015 order granting a stay of non-exhaustion discovery and granting Defendants an extension of time to respond to pending discovery requests, and (2) the then assigned-district judge's September 1, 2015 order denying Plaintiff's motion for reconsideration of the order

1

1 granting a stay of non-exhaustion discovery and granting Defendants an extension of time to
2 respond to pending discovery requests. (ECF No. 51.)

### I. Background

On August 17, 2015, the Court granted Defendants' request to stay all non-exhaustion related discovery pending the disposition of their motion for summary judgment under Federal Rule of Civil Procedure 56 for failure to exhaust administrative remedies. (ECF No. 43.) The Court also granted Defendants an extension of time to respond to Plaintiff's pending discovery requests, until after this Court decides the aforementioned motion for summary judgment. (*Id.* at 3.)

On August 26, 2015, Plaintiff filed objections to the Court's August 17, 2015 order and a concurrent opposition to Defendants' motion for a stay of discovery and extension of time to respond to pending discovery. (ECF Nos. 45, 46.) In his objections, Plaintiff sought reversal of the Court's order granting Defendants' motion. (ECF No. 45, p. 4.)

On September 1, 2015, the then-assigned District Court Judge denied Plaintiff's motion for reconsideration, finding that the order granting a stay of non-exhaustion discovery and an extension of time to respond to Plaintiff's discovery requests was not clearly erroneous or contrary to law under Federal Rule of Civil Procedure 72. (ECF No. 48.)

On September 8, 2015, Plaintiff filed a motion to compel Defendants' responses to his pending discovery requests. (ECF No. 50.) By separate order, the Court has denied Plaintiff's motion to compel in light of the stay of non-exhaustion discovery and Defendants' extension of time to respond to the pending discovery requests.

On September 10, 2015, Plaintiff filed objections to the undersigned's August 17, 2015 order, and the District Court Judge's September 1, 2015 order. (ECF No. 51.)

### II. Discussion

Plaintiff's objections do not ask for any specific form of relief. Rather, Plaintiff reports that he has filed these objections "in order to preserve the issues for appeal to the Ninth Judicial Circuit." (ECF No. 51, p. 1.) Although Plaintiff states that the Court's decisions are an abuse of discretion and clearly and plainly erroneous, the bulk of Plaintiff's objections relate to his various

contentions that the Court, the California Attorney General's Office (and its deputy attorney generals) and the California Department of Corrections and Rehabilitation ("CDCR") are working together to deny prisoners justice and their day in court, that the Court is not impartial, and that CDCR and its staff are obstructing his attempts to prosecute this case, and that the CDCR appeals process is rigged. (*Id.* at pp. 2-6.)  In short, Plaintiff's objections appear to be an assertion of his general displeasure with the Court, its rulings and the litigation process.  Since Plaintiff is not asking for any particular form of relief by way of these objections, and is instead attempting to preserve his issues for appeal, the Court finds it unnecessary to specifically address Plaintiff's objections at this time.

### III.   Conclusion

Accordingly, Plaintiff's objections, filed on September 10, 2015, are HEREBY DISREGARDED.

IT IS SO ORDERED.

Dated:   **February 13, 2017**            /s/ *Barbara A. McAuliffe*  
                                                    UNITED STATES MAGISTRATE JUDGE