UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHARLES WINDHAM,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>M. MARIN, et al.,<br><br>　　　　Defendants. | Case No.: 1:14-cv-01636-DAD-BAM (PC)<br><br>ORDER DENYING DEFENDANTS' MOTION TO STRIKE PLAINTIFF'S SURREPLY<br>(ECF No. 89)<br><br>ORDER GRANTING IN PART AND DENYING IN PART DEFENDANTS' MOTION TO COMPEL RESPONSES TO DISCOVERY<br>(ECF No. 77)<br><br>ORDER DIRECTING PLAINTIFF TO SERVE SUPPLEMENTAL RESPONSES TO DISCOVERY, WITHOUT OBJECTIONS, WITHIN THIRTY (30) DAYS |

**I.	Introduction**

Plaintiff Charles W. Windham ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983.  This action proceeds against Defendants Uribe, Marin, Rasley, Contreras, Capano, Rubio and Doe #1 for excessive force in violation of the Eighth Amendment, and against Defendants Navarro, Morales, Marin and Shiver for deliberate indifference to serious medical needs in violation of the Eighth Amendment.

Currently pending before the Court is Defendants' motion to compel responses to discovery, filed on October 20, 2016.  (ECF No. 77.)  Plaintiff opposed the motion on November 16, 2016, and

1

Defendants replied on December 7, 2016. (ECF Nos. 82, 86.) Plaintiff filed a sur-reply on December 20, 2017. (ECF No. 87.)

Also pending before the Court is Defendants' motion to strike Plaintiffs' surreply, filed on January 4, 2017. (ECF No. 89.) Plaintiff opposed the motion to strike on January 20, 2017, and Defendants' replied on January 27, 2017. (ECF Nos. 91, 92.)

Defendants' motion to compel responses to discovery and their motion to strike Plaintiff's sur-reply are deemed submitted. Local Rule 230(l).

## II.     Procedural Background

On September 2, 2015, Defendants filed a motion for summary judgment based on Plaintiff's failure to exhaust administrative remedies. (ECF No. 49). Plaintiff did not submit a timely opposition. However, on October 5, 2015, the Court granted Plaintiff a thirty-day extension of time to file his opposition to the motion for summary judgment. (ECF No. 44). Plaintiff again did not file a timely opposition.

On October 15, 2015, Defendants served Plaintiff with special interrogatories regarding exhaustion. (ECF No. 77, Declaration of A. De La Torre-Fennell ("Torre-Fennell Decl.") ¶ 4). Plaintiff did not serve timely responses. (*Id.*).

On February 5, 2016, Defendants moved to dismiss this action pursuant to Federal Rule of Civil Procedure 41(b) based on Plaintiff's failure to comply with court orders. (ECF No. 61). Plaintiff opposed the motion, explaining that he was transferred to the California Health Care Facility in Stockton, California on October 1, 2015, and from that date until about January 13, 2016, he was unable to communicate with the Court and Defendants for a number of reasons. (ECF No. 62). The Court issued findings and recommendations to deny Defendants' motion to dismiss, determining that Plaintiff had shown good cause for his non-compliance with court orders. (ECF No. 65). Before the District Court could address the findings and recommendations, however, Defendants filed a second motion to dismiss the action under Federal Rule of Civil Procedure 41(b) on August 18, 2016. Defendants reported that they had re-served Plaintiff with the motion for summary judgment and interrogatories, and he again failed to respond. (ECF No. 66).

On September 15, 2016, the Court declined to grant Plaintiff an extension of time to respond to the motion to dismiss and instead directed Plaintiff to file an opposition or statement of non-opposition to Defendants' motion for summary judgment within thirty (30) days. (ECF No. 68).

On September 28, 2016, Plaintiff filed an opposition to Defendants' second motion to dismiss. He attached to his opposition a number of documents, including his responses to Defendants' interrogatories, which were dated March 10, 2016. (ECF No. 70). Defendants replied to Plaintiff's opposition on October 3, 2016, arguing that dismissal was appropriate because Plaintiff had not opposed the motion for summary judgment or served interrogatory responses. (ECF No. 71).

On October 13, 2016, Plaintiff filed his opposition to the motion for summary judgment based on exhaustion of administrative remedies. (ECF Nos. 72-75).

On October 19, 2016, the Court issued findings and recommendations recommending that Defendants' second motion to dismiss be denied. (ECF No. 76).

On October 20, 2016, Defendants filed the instant motion to compel responses to discovery. Defendants argue that Plaintiff's responses to Defendants' Special Interrogatories, Set One, numbers 3, 4, 8, 10, 11, 14, 15, 16 and 17, were insufficient. (ECF No. 77). On the same date, Defendants also filed a motion requesting an extension of time to serve their reply in support of the motion for summary judgment. Defendants explained that they could not adequately respond to Plaintiff's opposition to the motion for summary judgment without Plaintiff's full responses to the interrogatories. (ECF No. 78).

On October 24, 2016, the Court partially granted Defendants' request for an extension of time to serve and file a reply in support of their motion for summary judgment. The Court indicated that it would issue an order setting a deadline for Defendants to serve and file their reply concurrently with its order regarding Defendants' motion to compel interrogatory responses. (ECF No. 81).

On November 16, 2016, Plaintiff opposed the motion to compel, arguing not only that his responses were sufficient, but also that he had been prejudiced in responding because he had not been issued any of his stored property, including his case files, evidence, briefs and notes. (ECF No. 82).

On November 22, 2016, Defendants requested an extension of time to submit their reply in support of the motion to compel. Defendants explained that additional time was needed to investigate

3

Plaintiff's allegations that he had not been provided with any of his legal or personal property since returning to Corcoran State Prison on October 18, 2016. (ECF No. 83). The Court granted the requested extension of time, and directed Defendants to file their reply on or before December 7, 2016. (ECF No. 84).

On December 7, 2016, Defendants replied to Plaintiff's opposition to the motion to compel. In the reply, Defendants argue that they have yet to receive adequate or verified responses to their special interrogatories. Defendants contend that they are prejudiced by Plaintiff's failure to respond to their special interrogatories because they cannot defend against Plaintiff's allegations that he has exhausted his administrative remedies. Defendants also contend that they are either entitled to know the entire universe of facts that Plaintiff contends supports his claim of exhaustion or to receive an unequivocal statement that Plaintiff does not have any supporting evidence.

With regard to Plaintiff's assertions that he had not been given his legal property, which hampered his ability to respond, Defendants report that Plaintiff made no such request for his property upon returning to Corcoran State Prison on October 18, 2016. (ECF No. 86 at 2). In support, Defendants submitted an unsigned declaration from M. Kimbrell, the litigation coordinator at Corcoran State Prison. (ECF No. 86-1, Declaration of M. Kimbrell ¶ 1). According to that declaration, Plaintiff was transferred to Department of State Hospitals, Stockton on October 1, 2015, and pursuant to policy, his property was not transferred with him and was instead stored in the administrative segregation property room at Corcoran State Prison. (*Id.* at ¶ 3). Plaintiff returned to Corcoran State Prison on October 18, 2016, but there is no record of any request for return of Plaintiff's stored property since that time. (*Id.* at ¶ 6-8, 10). M. Kimbrell reports that on November 22, 2016, at the request of the Attorney General's Office, it was determined that Plaintiff had one box of property in storage in the administrative segregation unit where Plaintiff was housed from October 18, 2016 to October 26, 2016. (*Id.* at ¶ 9). As of November 22, 2016, Plaintiff's stored property had been transferred to Plaintiff's housing facility to be issued to him according to policy. (*Id.* at ¶ 11). Defendants also submitted a declaration from the Appeals Coordinator at Corcoran State Prison indicating that the prison's appeals office had not received an appeal regarding requests for return of

4

Plaintiff's property for the time period from October 18, 2016, to November 22, 2016. (ECF No. 86-2, Declaration of M. Oliveira ¶¶ 4-5).

On December 20, 2016, Plaintiff filed a surreply to Defendants' reply. (ECF No. 87). Plaintiff reports that he received Defendants' reply on December 13, 2016, and as of that date, he had not been issued any of his personal property or any of his law books or legal/court property by any Corcoran State Prison guards or property officers. (*Id.* at 2). Plaintiff also objects to the declaration of M. Kimbrell, and notes that the declaration is not executed or dated. (*Id.* at 4-5). Additionally, Plaintiff declares under penalty of perjury that between October 18, 2016 and December 13, 2016, he made multiple verbal requests for his property. He also drafted multiple CDCR-22 forms and CDCR 602 forms requesting priority issuance of his property, but none were returned to him and he did not receive his property. (*Id.* at 3, 5). Plaintiff also declares that he cannot provide further responses to Defendants' special interrogatories due to this obstruction. (*Id.*). Plaintiff argues that the Court does not need to compel responses to discovery, but instead needs to order the California Department of Corrections and Rehabilitation ("CDCR") and the Warden to inventory and issue his legal, court and personal property. (*Id.* at 4). Plaintiff asserts that he has five boxes of property in storage in Corcoran State Prison's administrative segregation unit, along with two large trash bags from the Department of State Hospitals. (*Id*. at 6).

On December 30, 2016, Defendants filed a notice of errata regarding the declaration of M. Kimbrell. Defendants explained that the due to administrative error, an unsigned copy of M. Kimbrell's declaration was attached to Defendants' reply, but that the declaration was properly executed on December 6, 2016. (ECF No. 88).

On January 4, 2017, Defendants filed a motion to strike Plaintiff's surreply, arguing that it was it not authorized by the Court and is not a recognized pleading within the Federal Rules of Civil Procedure. (ECF No. 89-1).

On January 5, 2017, the District Court judge adopted the pending findings and recommendations, and denied Defendants' motions to dismiss Plaintiff's action under Federal Rule of Civil Procedure 41(b). (ECF No. 90).

1   On January 20, 2017, Plaintiff opposed Defendants' motion to strike his surreply. (ECF No. 91). Plaintiff contends that the surreply should not be stricken because (1) he is not an attorney and is proceeding pro se, (2) he is not familiar with all of the district court protocols and procedures, (3) he must be permitted to respond to Defendants' attempts to mischaracterize the facts, and (4) he cannot personally appear to orally argue against Defendants due to his incarceration and must rely on written means. (*Id.* at 2-3). Additionally, Plaintiff argues that the Court should authorize the surreply as it is an important part of the matters at issue. (*Id.* at 3). Plaintiff also reports that his property continues to be withheld. (*Id.* at 4).

On January 27, 2017, Defendants replied, reasserting that there is no provision in the Local Rules authorizing the filing of additional briefs beyond an opposition and reply. In response to Plaintiff's assertion that he is unfamiliar with court rules and procedures, Defendants argue that Plaintiff has shown his ability to discern the rules of this Court, and has filed more than one request for an extension of time in this matter. Defendants further argue that if Plaintiff required more time to respond to the motion to compel, then he could have filed a request for an extension of time. (ECF No. 92).

### III. Defendants' Motion to Strike Plaintiff's Surreply

As detailed above, Defendants move to strike Plaintiff's surreply, arguing that it is not authorized by the Federal Rules of Civil Procedure or the Local Rules. (ECF No. 89).

The Local Rules of this Court governing motions in prisoner cases do not provide for the submission of a surreply. Local Rule 230(l). However, district courts have discretion to either permit or preclude a surreply. *See U.S. ex rel. Meyer v. Horizon Health Corp.*, 565 F.3d 1195, 1203 (9th Cir. 2009) (district court exercised discretion in refusing to accept supplemental declarations as "inequitable surreply"), *overruled on other grounds by U.S. ex rel. Hartpence v. Kinetic Concepts, Inc.*, 792 F.3d 1121 (9th Cir. 2015); *JG v. Douglas County School Dist.*, 552 F.3d 786, 803 n. 14 (9th Cir. 2008) (district court did not abuse its discretion in denying leave to file surreply where it did not consider new evidence in reply); *Provenz v. Miller*, 102 F.3d 1478, 1483 (9 th Cir. 1996) (district court should not consider new evidence presented in reply without giving non-movant an opportunity to respond). A district court may allow a surreply to be filed, but only "where a valid reason for such

6

additional briefing exists, such as where the movant raises new arguments in its reply brief." *Hill v. England*, 2005 WL 3031136, at *1 (E.D. Cal. Nov.8, 2005) (citing *Fedrick v. Mercedes-Benz USA, LLC*, 366 F.Supp.2d 1190, 1197 (N.D. Ga. 2005)).

Although a surreply was not authorized in this instance, the Court intends to exercise its discretion and consider Plaintiff's surreply in ruling on Defendants' motion to compel. At issue in the motion to compel is whether certain of Plaintiff's interrogatory responses are sufficient and, if they are not, whether they can be responded to more fully by Plaintiff with the assistance of his legal property and related papers. In their reply, Defendants provided new factual information concerning Plaintiff's property through the declarations of M. Kimbrell and M. Oliveira. Based on the representations in the declarations, there was a valid reason for Plaintiff to provide an additional response regarding the status of his property requests and property, including whether he had received any of his property. Given that a valid reason existed for additional briefing, Defendants' motion to strike the filing of Plaintiff's surreply shall be denied.

### IV. Defendants' Motion to Compel Responses to Discovery

Defendants move to compel further responses to special interrogatories ("ROGs") numbered 3, 4, 8, 10, 11, 14, 15, 16 and 17. (ECF No. 77).

#### A. Legal Standard

"Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense," and information within this scope "need not be admissible in evidence to be discoverable." Fed. R. Civ. P. 26(b)(1). An interrogatory may relate to any matter that may be inquired into under Rule 26(b), and an interrogatory is not objectionable merely because it asks for an opinion or contention that relates to fact or the application of law to fact. Fed. R. Civ. P. 33(a)(2) (quotation marks omitted). Parties are obligated to respond to interrogatories to the fullest extent possible under oath, Fed. R. Civ. P. 33(b)(3), and any objections must be stated with specificity, Fed. R. Civ. P. 33(b)(4); *Davis v. Fendler*, 650 F.2d 1154, 1160 (9th Cir. 1981) ("objections should be plain enough and specific enough so that the court can understand in what way the interrogatories are alleged to be objectionable"). A responding party is not generally required to conduct extensive research in order to answer an interrogatory, but a reasonable effort to respond must be made. *Gorrell*

*v. Sneath*, 292 F.R.D. 629, 632 (E.D. Cal. 2013). Further, the responding party has a duty to supplement any responses if the information sought is later obtained or the response provided needs correction. Fed. R. Civ. P. 26(e)(1)(A).

### B. ROGs 3, 4, 8, 10, 11, 14, 15, 16 and 17[1]

**ROG 3:** With regard to Plaintiff's assertion at ECF No. 46, page 4 of 8, that "Plaintiff drafted and submitted a CDCR Inmate/Parolee Appeal Form (CDCR-602), regarding the Sept. 11, 2014 incident (involving these Defendants), on or about September 17, 2014," please identify who you submitted the CDCR Inmate/Parolee Appeal Form to by any means, including name or appearance (age, gender, height, uniform, hair, facial characteristic, build, national origin, race, etc . . . .).

**Response:** Whoever performed the 3rd Watch Mail Pick-Up. I do <u>not</u> have my notes available to me here at CMCF-Stockton <u>and</u> the long duration/passage of time (9-11-14 thru 3-11-16, etc.) presently precludes an exact response in this regard. However, guestimate points to a CDCR c/o whose name I am unable to recall. Either, (1) 30's; male; 6'2"; CDCR, Black, short; rugged, otherwise unremarkable; big; HMA; or (2) 20's male; 5'10"; CDCR; dark; young face (youthful); stocky: American WMA/Caucasian. [Looks like a college wrestler].

**Analysis and Ruling:** Although Plaintiff attempted to provide a description of the possible person(s) to whom he submitted his CDCR Inmate/Parolee Appeal Form as directed, Plaintiff's response appears to be incomplete due to the unavailability of his notes. According to the declaration of M. Kimbrell, at least one box of Plaintiff's property has been made available for him in his current housing unit.[2] Plaintiff will therefore be afforded an additional thirty (30) days to supplement his response to this interrogatory. Accordingly, Defendants' motion to compel a further response to this interrogatory is GRANTED.

---

[1] Defendants did not set out the full text of the interrogatories and responses. Therefore, the relevant interrogatories and their responses are based on an exhibit attached to Plaintiff's opposition to Defendants' second motion to dismiss. (Doc. 70 at 32-49).

[2] There is an apparent discrepancy between the number of boxes located and the number of boxes Plaintiff claims are in storage. *Compare* ECF No. 86-1, Declaration of M. Kimbrell ¶ 9 *with* ECF No. 87 at 6). To address this discrepancy, Defendants will be directed to confirm in writing within fourteen (14) days after service of this order that an inquiry has been made to determine whether Plaintiff has stored property in any units or facilities where he has been housed while at Corcoran State Prison. If any property is located in storage, then Defendants also should confirm if or when that property was transferred to CSP-Corcoran 3B Facility (or Plaintiff's current housing assignment) to be issued to Plaintiff according to policy.

**ROG 4:** With regard to Plaintiff's assertion at ECF No. 46, page 4 of 8, that "Plaintiff drafted and submitted a CDCR Inmate/Parolee Appeal Form (CDCR-602), regarding the Sept. 11, 2014 incident (involving these Defendants), on or about September 17, 2014," please describe the entire contents of the CDCR Inmate/Parolee Appeal Form you submitted with specificity.

**Response:** Objections – Request/Interrog #4 is overbroad and burdensome without my notes and case documents at this hospital facility. However, [in the spirit of discovery], the contents of the appeal Form named the defendants ("D's"), dates of the incident (including chronological time), the multitude of federal & state constitutional, statutory, and regulatory violations committed or commissioner by the D's against me.

**Analysis and Ruling**: Plaintiff's response appears to be incomplete, in part, due to the unavailability of his notes. Plaintiff's response also fails to describe the contents of the CDCR Inmate/Parolee Appeal form with specificity. The provided description is a general summary of the contents of any number of possible CDCR Inmate/Parolee Appeal forms and is not specific to the CDCR Inmate/Parolee Appeal identified in the interrogatory. The Court therefore finds that Plaintiff has failed to fully answer this interrogatory. Fed. R. Civ. P. 33(b)(3). Accordingly, Defendants' motion to compel a further response to this interrogatory is GRANTED, and Plaintiff will be afforded an additional thirty (30) days to supplement his response to this interrogatory.

**ROG 8:** With regard to Plaintiff's assertion at ECF No. 46, page 4 of 8, that a "Lieutenant, who then proceeded to threaten the Prisoner-Patient Plaintiff (thru the door's glass window) to drop the matter or get more beatings by guards," please describe the specific content of those threats.

**Response**: Objection – Corcoran Prison is in possession of my case files, case notes, etc. I'm held at the CHCF-Stockton facility, a few hundred miles away, for the next 6-9 months. When I re-obtain full possession of those important significant items, I will then be able to effectively respond to this interrogatory with specificity and correctly. Again, the passage of time is a significant factor here.

**Analysis and Ruling:** Plaintiff has not provided a substantive response to this interrogatory, which Plaintiff attributes to his inability to access his case files and case notes. As noted above, at least one box of Plaintiff's property has been made available for him in his current housing unit, and Defendants have been instructed to conduct an additional inquiry to locate any other property in

storage at Corcoran State Prison. In order to provide a full and complete response, Plaintiff will be afforded an additional thirty (30) days to supplement his response. Accordingly, Defendants' motion to compel a further response to this interrogatory is GRANTED.

**ROG 10:** With regard to Plaintiff's assertion at ECF No. 46, page 4 of 8, that "Lieutenant, who then proceeded to threaten the Prisoner-Patient Plaintiff (thru the door's glass window) to drop the matter or get more beatings by guards," please identify all medications you had taken within 48 hours of this occurrence.

**Response:** This info <u>not</u> presently available to me (refer to my UHR for this info). Plus, the passage of time factor (i.e., 1 ½ Years from Incident Date).

**Analysis and Ruling**: Plaintiff has not provided a substantive response to this interrogatory. Plaintiff's reference to his UHR is not sufficient as it does not fully answer the interrogatory. Fed. R. Civ. P. 33(b)(3). Plaintiff will therefore be afforded an additional thirty (30) days to access his UHR and supplement his response to this interrogatory. Accordingly, Defendants' motion to compel a further response to this interrogatory is GRANTED.

**ROG 11:** With regard to Plaintiff's assertion at ECF No. 46, page 4 of 8, that a "Lieutenant, who then proceeded to threaten the Prisoner-Patient Plaintiff (thru the door's glass window) to drop the matter or get more beatings by guards," please identify any and all mental health diagnoses that effected your cognizance within 48 hours of this occurrence.

**Response:** Objection – Irrelevant, Privileged Info, Argumentative, Calls for Narrative. However, [in the spirit of discovery], (See same response to <u>Interrogatory #7</u> herein.)[3]

**Analysis and Ruling**: The information requested in the interrogatory relates to Plaintiff's mental condition at the time of any alleged threats to drop the matter. Such information is relevant to the issue of Plaintiff's ability to exhaust his administrative remedies, and is not covered by any identified privilege. Further, the interrogatory is not argumentative and does not require a narrative response. Accordingly, Plaintiff's objections are overruled.

---

[3] In response to ROG #7, Plaintiff stated, "Late 30's to 40's; tall; male; CDCR with visible gold bar insignia; short; clean-shaven; commensurate with height' appeared European perhaps Caucasian."

Additionally, Plaintiff's reference to his ROG 7 response is insufficient and does not answer the interrogatory. Fed. R. Civ. P. 33(b)(3). The ROG 7 response is a description of a person, not an identification of any mental health diagnosis. Plaintiff will therefore be afforded an additional thirty (30) days to supplement his response to this interrogatory, and Defendants' motion to compel a further response to this interrogatory is GRANTED.

**ROG 14:** With regard to Plaintiff's assertion at ECF No. 46, page 4 of 8, that the Lieutenant "tore-up the 602-Appeal in front of P and departed," please identify and describe any and all statements in their [entirety] communicated between yourself and the Lieutenant on the date of this occurrence.

**Response**: See: same Objection raised in Interrogatory #8, herein.

**Analysis and Ruling:** In response to ROG 8, Plaintiff essentially indicated that once he retained possession of his case files and case notes, he would be able to effectively respond to the interrogatory. As noted above, at least one box of Plaintiff's property has been made available for him in his current housing unit, and Defendants have been instructed to conduct an additional inquiry to locate any other property in storage at Corcoran State Prison. In order to provide a full and complete response, Plaintiff will be afforded an additional thirty (30) days to supplement his response. Accordingly, Defendants' motion to compel a further response to this interrogatory is GRANTED.

**ROG 15**: Please identify or estimate the total number of inmate grievances you have submitted while incarcerated by the California Department of Corrections and Rehabilitation before September 11, 2014.

**Response**: Objection – Calls for speculation, Conclusory, Prejudicial, Privileged, Unduly Burdensome. However, [in the spirit of discovery], an abundance of them were submitted.

**Analysis and Ruling**: This interrogatory does not call for speculation, is not conclusory and is not overbroad. It also does not seek prejudicial or privileged information. Instead, the interrogatory requests, at a minimum, an estimate of the total number of inmate grievances that Plaintiff has submitted prior to September 11, 2014. Plaintiff's response that "an abundance of them were submitted" is not sufficient and fails to fully respond to the interrogatory. Fed. R. Civ. P. 33(b)(3). If Plaintiff does not have an exact number, then he can provide an estimate, such as "between 2 and 5" or

"between 5 and 10." Accordingly, Plaintiff's objections are overruled, and Defendants' motion to compel a further response to this interrogatory is GRANTED. Plaintiff shall be afforded an additional thirty (30) days to supplement his response to this interrogatory

**ROG 16:** Please identify or estimate the total number of inmate grievances you have submitted while incarcerated by the California Department of Corrections and Rehabilitation after September 11, 2014.

**Response**: See my response to Interrogatory #15, herein.

**Analysis and Ruling**: This interrogatory does not call for speculation, is not conclusory and is not overbroad. It also does not seek prejudicial or privileged information. Instead, the interrogatory requests either identification or an estimate of the total number of inmate grievances that Plaintiff has submitted after September 11, 2014. Plaintiff's response that "an abundance of them were submitted" is not sufficient and fails to fully respond to the interrogatory. If Plaintiff does not have an exact number, then he can provide an estimate, such as "between 2 and 5" or "between 5 and 10." Accordingly, Plaintiff's objections are overruled. Defendants' motion to compel a further response to this interrogatory is GRANTED, and Plaintiff shall be afforded an additional thirty (30) days to supplement his response to this interrogatory.

**ROG 17:** Please identify all felonies you have been convicted of.

**Response**: Objection – Irrelevant, Vague and Ambiguous, Prejudicial, Privileged, Void for Vagueness. However, [in the spirit of discovery], this info is more accurately reflected in counsel's (i.e., Attorney General/DOJ) CII Bureau records.

**Analysis and Ruling**: According to Plaintiff's response, the information requested in this interrogatory appears to be equally available to Defendants in CII records. As the discovery sought can be obtained from some other source that is more convenient and more accurate, the Court will not require Plaintiff to provide a supplemental response. Fed. R. Civ. P. 26(b)(2)(C). Therefore, Defendants' motion to compel a further response to this interrogatory is DENIED.

V. **Conclusion and Order**

For the reasons stated, it is HEREBY ORDERED as follows:

1. Defendants' motion to strike Plaintiff's surreply is DENIED;

2. Defendants' motion to compel further responses to Defendants' Special Interrogatories to Plaintiff, Set One, is GRANTED IN PART and DENIED IN PART as follows:

   a. Defendants' motion to compel further responses to Special Interrogatories Nos. 3, 4, 8, 10, 11, 14, 15 and 16 is GRANTED;

   b. Defendants' motion to compel further responses to Special Interrogatory No. 17 is DENIED;

3. Within fourteen (14) days after service of this order, Defendants shall serve and file written confirmation that an additional inquiry has been made to determine whether Plaintiff has stored property in the units or facilities where he has been housed while at Corcoran State Prison. If any property is located in storage, then Defendants also should confirm if or when that property was transferred to CSP-Corcoran 3B Facility (or Plaintiff's current housing assignment) to be issued to Plaintiff according to policy;

4. Within thirty (30) days after service of this order, Plaintiff shall serve supplemental responses, without objections, to Defendants' Special Interrogatories to Plaintiff, Set One, Nos. 3, 4, 8, 10, 11, 14, 15 and 16; and

5. Within fourteen (14) days after service of Plaintiff's supplemental responses to Defendants' Special Interrogatories to Plaintiff, Set One, Nos. 3, 4, 8, 10, 11, 14, 15 and 16, Defendants shall serve and file their reply in support of the pending motion for summary judgment for failure to exhaust administrative remedies.

IT IS SO ORDERED.

Dated: **February 15, 2017**         /s/ *Barbara A. McAuliffe*
                                    UNITED STATES MAGISTRATE JUDGE