1

2

3

4

5

6

7

8

# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| CHARLES W. WINDHAM, | ) | 1:14-cv-01636-DAD-BAM (PC) |
| | ) | |
| Plaintiff, | ) | ORDER DISREGARDING PLAINTIFF'S |
| | ) | DECLARATION IN OPPOSITION TO |
| v. | ) | MOTION TO COMPEL |
| | ) | |
| M. MARIN, et al., | ) | (ECF No. 96) |
| | ) | |
| | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |
| | ) | |

Plaintiff Charles W. Windham ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. This action proceeds on Plaintiff's Eighth Amendment claims of excessive force against Defendants M. Marin, D. Uribe, W. Rasley, J. Contreras, A. Capano, R. Rubio, and Doe #1, and for deliberate indifference to serious medical needs against Defendants C. Navarro, V. Morales, M. Marin, and S. Shiver.

On February 16, 2017, the Court issued an order granting in part and denying in part Defendants' pending motion to compel Plaintiff's responses to special interrogatories. As part of that order, the Court directed Defendants to serve and file written confirmation, within fourteen (14) days, that an additional inquiry had been made to determine whether Plaintiff had stored property in the units or facilities where he had been housed while at Corcoran State Prison. The order also directed Plaintiff, within thirty days, to serve supplemental responses, without

objections, to certain of Defendants' Special Interrogatories, Set One.  (ECF No. 95).

On February 27, 2017, Plaintiff filed a declaration in support of his responses/opposition to Defendants' motion to compel special interrogatory responses.  According to his declaration, Plaintiff submitted several CDCR-22 forms regarding his property and other matters.  Plaintiff contends that the lack of responses evidences, amongst other things, deliberate obstruction and refusal to issue his property.  Plaintiff requests that the Court order Defendants' agents and friends to produce missing documents and exhibits.  (ECF No. 96).  In support, Plaintiff attaches the following exhibits to his declaration:

Exhibit A-1:  A CDCR 22 form submitted to Corcoran State Prison's litigation coordinator, M. Kimbrell.  According to the CDCR 22 form, Plaintiff was transferred to Mule Creek State Prison on February 1, 2017, and the week prior he gave Correctional Officer Ramos his original declaration and exhibits for copying, but Correctional Officer Ramos failed to return the original declaration and exhibits.  Plaintiff requests that M. Kimbrell send him the originals at Mule Creek State Prison.  Plaintiff reports that the exhibits consisted of multiple CDCR 22 forms and some 602s seeking his personal and legal property.  Plaintiff now argues that because M. Kimbrell failed to respond to this CDCR 22 form in writing, the administrative appeals process is unavailable, futile, inadequate, defaulted and waived in full.  Plaintiff further argues that "[t]hey wilfully trashed that evidence."  (ECF No. 96 at ¶ 5).

Exhibit A-2:  A CDCR 22 form dated January 4, 2017, requesting Plaintiff's property. The exhibit includes a response.

Exhibit A-3:  A CDCR 22 form dated May 21, 2015, requesting Plaintiff's personal law books, legal files, court orders, formats, evidence, legal pads, court pleading paper, pens, stamps envelopes, correspondence, address books, etc. last in the custody of Correctional Officer C. Rodriguez in Facility 3B.

Exhibit A-4:  A CDCR 22 form dated June 1, 2015, indicating that Plaintiff was still waiting for (1) 3B01 in-cell property; (2) 3B gym stuff; (3) 3A04 property/TV; and (4) 3A03 stuff.

Exhibit A-5:  A CDCR 22 form dated January 4, 2017, requesting that (1) Plaintiff be

placed on the "NDS" list/status so that he could get NDS calls and property and (2) he receive an explanation as to why he was not automatically NDS upon ASU placement.

Exhibit A-6:  A CDCR 22 form dated January 9, 2017, indicating that Plaintiff was owed indigent envelopes.

Exhibit A-7:  A CDCR 22 form dated August 5, 2014, regarding Plaintiff's submission of appeals regarding property, a broken fan and UCC action.  Plaintiff complained that he had not received a response to those appeals.

Exhibit A-8: A CDCR 22 form dated September 21, 2014, requesting not only preservation of 3B yard and unit video surveillance for the week of September 11, 2014, but also an interview and an IAB investigation.

The Court has reviewed Plaintiff's declaration and supporting exhibits.  To the extent Plaintiff has filed these items as a further opposition to Defendants' motion to compel, the declaration and exhibits are unnecessary.  The Court has issued an order resolving Defendants' pending motion to compel and a supplemental response is neither warranted nor authorized.  *See*, *e.g.*, Local Rule 231(l) (permitting a motion, opposition and reply).  To the extent Plaintiff has filed these items as a further attempt to secure his property, the declaration and exhibits also are unnecessary.  The Court has ordered Defendants to serve and file written confirmation that an additional inquiry has been made to determine whether Plaintiff has stored property in the units or facilities where he had been housed while at Corcoran State Prison. Additionally, the Court has ordered that if any property is located in storage, then Defendants must confirm if or when that property was transferred to CSP-Corcoran 3B Facility (or Plaintiff's current housing assignment) to be issued to Plaintiff according to policy.  (ECF No. 95 at 13).

For these reasons, Plaintiff's declaration and supporting exhibits are deemed unnecessary and are HEREBY DISREGARDED.

IT IS SO ORDERED.

Dated:   **March 1, 2017**                    /s/ *Barbara A. McAuliffe*

UNITED STATES MAGISTRATE JUDGE