UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHARLES W. WINDHAM,<br><br>    Plaintiff,<br><br>    v.<br><br>M. MARIN, et al.,<br><br>    Defendants. | Case No.: 1:14-cv-01636-DAD-BAM (PC)<br><br>ORDER DENYING PLAINTIFF'S MOTION FOR APPOINTMENT OF COUNSEL<br><br>(ECF No. 102) |

**I.     Background**

Plaintiff Charles W. Windham ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983.  This action proceeds on Plaintiff's Eighth Amendment claims of excessive force against Defendants M. Marin, D. Uribe, W. Rasley, J Contreras, A. Capano, R. Rubio, and Doe #1, and for deliberate indifference to serious medical needs against Defendants C. Navarro, V. Morales, M. Marin, and S. Shiver.

On April 6, 2015, Plaintiff filed a declaration regarding allegations of harassment at the institution where he was housed.  Plaintiff asserted that he could not proceed any further without intervention.  He therefore requested that the Court investigate his allegations, appoint voluntary counsel, hold court hearings, or dismiss this action so that Plaintiff could appeal.  (ECF Nos. 18, 19.) On April 9, 2015, the Court denied the request for appointment of counsel, finding that the matter did not present exceptional circumstances.  (ECF No. 21.)

On April 3, 2017, Plaintiff filed the instant motion requesting the appointment of counsel. (ECF No. 102.)

## II. Legal Standard

As Plaintiff was previously informed, he does not have a constitutional right to appointed counsel in this action, Rand v. Rowland, 113 F.3d 1520, 1525 (9th Cir. 1997), reversed in part on other grounds, 154 F.3d 952, 954 n.1 (9th Cir. 1998), and the court cannot require an attorney to represent plaintiff pursuant to 28 U.S.C. § 1915(e)(1). Mallard v. United States District Court for the Southern District of Iowa, 490 U.S. 296, 298, 109 S. Ct. 1814, 1816 (1989).  However, in certain exceptional circumstances the court may request the voluntary assistance of counsel pursuant to section 1915(e)(1). Rand, 113 F.3d at 1525.

Without a reasonable method of securing and compensating counsel, the court will seek volunteer counsel only in the most serious and exceptional cases.  In determining whether "exceptional circumstances exist, a district court must evaluate both the likelihood of success on the merits [and] the ability of the [plaintiff] to articulate his claims pro se in light of the complexity of the legal issues involved." Id. (internal quotation marks and citations omitted).

## III. Discussion

Plaintiff requests the appointment of counsel to assist him in conducting cross-examinations of Defendants and their agents, witnesses, and counsel.  In support of his request, Plaintiff contends that his case is factually complex, his ability to investigate is limited due to his incarceration, his case requires expert witnesses, he is indigent and lacks legal training and access to legal materials, his case is legally complex, and his case is meritorious.

The Court has considered Plaintiff's renewed motion for the appointment of counsel, but again does not find the required exceptional circumstances.  As previously indicated, this Court is faced with similar cases involving claims of excessive force and deliberate indifference to serious medical needs filed by prisoners proceeding in forma pauperis almost daily.  These prisoners also must conduct legal research and prosecute medical claims without the assistance of counsel.  There is no indication that Plaintiff is unable to conduct discovery or legal research to assist him in this matter or that he is unable to articulate his claims.

1   Furthermore, at this stage in the proceedings, the Court cannot make a determination that
2   Plaintiff is likely to succeed on the merits.  Although the Court has determined Plaintiff has stated
3   some claims which may proceed in litigation, it has not determined that those claim have a likelihood
4   of being ultimately successful.
5   For the foregoing reasons, Plaintiff's motion for the appointment of counsel is HEREBY
6   DENIED without prejudice.  Plaintiff again is reminded that, as necessary and appropriate, he may
7   seek extensions of time for relevant case deadlines.  Fed. R. Civ. P. 6(b)(1).

IT IS SO ORDERED.

Dated:   **April 6, 2017**          /s/ *Barbara A. McAuliffe*
                                    UNITED STATES MAGISTRATE JUDGE