UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHARLES W. WINDHAM,<br><br>    Plaintiff,<br><br>    v.<br><br>M. MARIN, et al.,<br><br>    Defendants. | Case No.: 1:14-cv-01636-DAD-BAM (PC)<br><br>ORDER TO SHOW CAUSE WHY SANCTIONS SHOULD NOT BE IMPOSED FOR PLAINTIFF'S REFUSAL TO ATTEND TELEPHONIC STATUS CONFERENCE<br><br>Fourteen-Day Deadline |

Plaintiff Charles W. Windham ("Plaintiff") is a state prisoner proceeding pro se and in forma in this civil rights action pursuant to 42 U.S.C. § 1983. This action proceeds on Plaintiff's Eighth Amendment claims of excessive force against Defendants M. Marin, D. Uribe, W. Rasley, J. Contreras, A. Capano, R. Rubio, and Doe #1, and for deliberate indifference to serious medical needs against Defendants C. Navarro, V. Morales, M. Marin, and S. Shiver.

On July 13, 2017, the Court set a telephonic status conference for July 28, 2017, to discuss the issue of Plaintiff's legal property, to address what efforts had been made to locate and return Plaintiff's legal property, and what items, if any, are missing and necessary for Plaintiff to respond to Defendants' special interrogatories. Defense counsel was directed to arrange for Plaintiff's participation in the telephonic conference by contacting the litigation coordinator at the institution where Plaintiff is housed. (ECF No. 117.)

1

On July 28, 2017, the Court held a telephonic status conference before the undersigned to address the issue of Plaintiff's legal property. Plaintiff did not appear. At the conference, defense counsel represented to the Court that she had arranged for Plaintiff's participation in the conference with the litigation coordinator at the institution where Plaintiff is housed. Defense counsel was informed by that litigation coordinator, however, that Plaintiff was refusing to appear at the conference or leave his cell. Plaintiff's wilful failure to appear has hindered this Court's ability to resolve evidentiary issues necessary to rule on pending motions.

Therefore, Plaintiff SHALL show cause why he has failed to participate in these proceedings and obey the order of this Court and why sanctions, up to and including terminating sanctions, should not be imposed for his wilful refusal to appear at the telephonic status conference. Plaintiff is further ADMONISHED that failure to timely respond, as explained in this order, may result in the imposition of sanctions, including dismissal of this action.

The Local Rules, corresponding with Fed. R. Civ. P. 11, provide: "Failure . . . of a party to comply with . . . any order of the Court may be grounds for the imposition by the Court of any and all sanctions . . . within the inherent power of the Court." Local Rule 110. "District courts have inherent power to control their dockets," and in exercising that power, a court may impose sanctions including dismissal of an action. Thompson v. Housing Authority of Los Angeles, 782 F.2d 829, 831 (9th Cir. 1986). A court may dismiss an action with prejudice, based on a party's failure to prosecute an action or failure to obey a court order. See, e.g., Ferdik v. Bonzelet, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (dismissal for failure to comply with an order); Malone v. U.S. Postal Service, 833 F.2d 128, 130 (9th Cir. 1987) (dismissal for failure to comply with a court order); Henderson v. Duncan, 779 F.2d 1421, 1424 (9th Cir. 1986) (dismissal for failure to prosecute and to comply with local rules).

Accordingly, the Court ORDERS as follows:

1. Plaintiff Charles W. Windham is hereby ORDERED TO SHOW CAUSE why this Court should not impose sanctions, including dismissal of this action, for his wilful refusal to appear at the telephonic status conference and otherwise comply with this Court's orders. Plaintiff shall respond to this Order to Show Cause, in writing, within **fourteen (14) days** after service of this order.

2. If Plaintiff no longer intends to pursue this case, he may satisfy the ORDER to SHOW CAUSE by filing a request to dismiss this action pursuant to Federal Rule of Civil 41(a)(2); and

3. **If Plaintiff fails to comply with this order, then the Court will recommend dismissal of this action.**

IT IS SO ORDERED.

Dated:  **July 28, 2017**          /s/ Barbara A. McAuliffe          
UNITED STATES MAGISTRATE JUDGE