# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHARLES W. WINDHAM, | Case No. 1:14-cv-01636-DAD-BAM (PC) |
| Plaintiff, | ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFF'S MOTION FOR SANCTIONS AND CONTEMPT (ECF No. 100) |
| v. | |
| M. MARIN, et al., | ORDER DENYING PLAINTIFF'S MOTION FOR EVIDENTIARY HEARING (ECF No. 101) |
| Defendants. | |
| | ORDER DENYING DEFENDANTS' MOTION FOR TERMINATING SANCTIONS, OR IN THE ALTERNATIVE, EVIDENTIARY SANCTIONS (ECF No. 105) |
| | ORDER DIRECTING DEFENDANTS TO FILE REPLY TO PLAINTIFF'S OPPOSITION TO MOTION FOR SUMMARY JUDGMENT, IF ANY, WITHIN **FOURTEEN (14) DAYS** |

I.     **Introduction**

Plaintiff Charles W. Windham ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. This action proceeds on Plaintiff's Eighth Amendment claims of excessive force against Defendants Marin, Uribe, Rasley, Contreras, Capano, Rubio, and Doe #1, and for deliberate indifference to serious medical needs against Defendants Navarro, Morales, Marin, and Shiver.

Currently pending before the Court are: Defendants' motion for summary judgment based on Plaintiff's failure to exhaust administrative remedies, (ECF No. 49); Plaintiff's motion for sanctions and contempt, (ECF No. 100); Plaintiff's motion for evidentiary hearing, (ECF No. 101); and Defendants' motion for terminating sanctions, or in the alternative, motion for evidentiary sanctions, (ECF No. 105).

## II. Relevant Procedural Background

On September 2, 2015, Defendants filed a motion for summary judgment based on Plaintiff's failure to exhaust administrative remedies. (ECF No. 49.) After multiple extensions of time, (ECF Nos. 55, 56, 68), Plaintiff filed an opposition on October 13, 2016, (ECF Nos. 72–75).

Following the filing of Plaintiff's opposition, Defendants filed a motion to compel responses to discovery and a motion for extension of time to file a reply to Plaintiff's opposition to the pending motion for summary judgment. (ECF Nos. 77, 78.) Defendants argued that Plaintiff's responses to certain Special Interrogatories were insufficient, and they could not adequately respond to Plaintiff's opposition to the motion for summary judgment without Plaintiff's full responses to the interrogatories.

On October 24, 2016, the Court partially granted Defendants' request for an extension of time. The Court indicated that it would issue an order setting a deadline for Defendants to serve and file their reply concurrently with its order regarding Defendants' motion to compel interrogatory responses. (ECF No. 81.)

Plaintiff opposed the motion to compel, arguing that his responses to the interrogatories were sufficient, and in addition he had been prejudiced in responding because he had not been issued any of his stored property, including case files, evidence, briefs, and notes. (ECF No. 82.) Defendants replied, submitting a declaration of litigation coordinator M. Kimbrell stating that Plaintiff had one box of property in storage, which had been transferred to Plaintiff's housing facility to be issued to him according to policy. In addition, a declaration of Appeals Coordinator M. Oliviera stated that the appeals office had not received any appeal regarding requests for return of Plaintiff's property between October 18, 2016 and November 22, 2016. (ECF Nos. 86, 86-1, 86-2.)

Plaintiff filed a surreply contending that he had made multiple verbal requests for the property and submitted multiple CDCR-22 and CDCR-602 forms requesting priority issuance of his property, but none were returned to him and he did not receive his property. Plaintiff asserted that he had five boxes of property in storage at Corcoran State Prison's administrative segregation unit, along with two large trash bags from the Department of State Hospitals. (ECF No. 87.)

On February 16, 2017, the Court granted in part the motion to compel. The Court further ordered Defendants to provide written confirmation that an additional inquiry was made to determine whether Plaintiff had property in storage or other units where Plaintiff had been housed, and to issue any such property to Plaintiff. (ECF No. 95.)

On March 1, 2017, Defendants filed a Notice of Compliance pursuant to the Court's February 16 order. A declaration of M. Kimbrell states that after additional inquiries, two more boxes of property were located at Corcoran State Prison and transferred to Plaintiff at Mule Creek State Prison, bringing Plaintiff's total property to three boxes. (ECF No. 98.) Plaintiff objected, stating that he has a total of five boxes of property and two large trash bags of property. Plaintiff contended that the three boxes identified by Defendants are actually two boxes and two trash bags, but the final three boxes of property were not returned to him. (ECF No. 99.)

Thereafter, the parties filed the motions currently pending before the Court: Plaintiff's motion for sanctions and contempt, (ECF No. 100); Plaintiff's motion for evidentiary hearing, (ECF No. 101); and Defendants' motion for terminating sanctions or, in the alternative, evidentiary sanctions, (ECF No. 105). Plaintiff asserts that Defendants continue to withhold his legal property, and without his property, he is unable to provide further responses to Defendants' special interrogatories. Defendants contend that Plaintiff should be sanctioned for failing to respond, without objections, to Defendants' special interrogatories, and that they have located and returned all of Plaintiff's stored property.

Defendants filed an opposition to Plaintiff's motion for sanctions and motion for evidentiary hearing on April 11, 2017. (ECF No. 104.) Plaintiff filed a reply on April 27, 2017. (ECF No. 109.) In turn, Plaintiff filed an opposition to Defendants' motion for sanctions on May 5, 2017, (ECF No. 113), and Defendants filed a reply on May 12, 2017, (ECF No. 114). Plaintiff

3

has also filed various declarations in support of his motions, (ECF Nos. 107, 111, 120, 122, 126, 128–130), and on July 20, 2017, a declaration was filed by third-party Anthony Ivan Bobadilla in support of Plaintiff's evidentiary hearing motion, (ECF No. 118).[1] These motions are deemed submitted.  Local Rule 230(l).

In light of the parties' continued inability to resolve the issue of Plaintiff's legal property, the Court set a telephonic status conference for July 28, 2017.  (ECF No. 117.)  Due to medical issues, Plaintiff did not appear, and the status conference was reset for August 24, 2017.  (ECF No. 125.)

At the telephonic status conference held on August 24, 2017, the Court heard argument regarding the status of Plaintiff's legal property.  (ECF No. 127.)  The positions of the parties remain unchanged.  Plaintiff continues to assert that he is missing three boxes of property containing law books, handwritten 602 forms, and detailed notes that are necessary to providing further responses to Defendants' interrogatories.  Defendants contend that the litigation coordinators have conducted lengthy searches at Corcoran State Prison and Mule Creek State Prison, but have not located any further property belonging to Plaintiff.

### III.    Motions for Sanctions

#### A.  Legal Standard

Rule 37(b)(2) of the Federal Rules of Civil Procedure provides that if a party fails to obey an order to provide or permit discovery, the Court may issue further just orders, which may include prohibiting the disobedient party from supporting or opposing designated claims or defenses, or from introducing designated matters in evidence. Fed. R. Civ. P. 37(b)(2)(A).  The Court also may dismiss the action or proceeding in whole or in part.  Id.

Additionally, Local Rule 110 provides that "[f]ailure . . . of a party to comply . . . with any order of the Court may be grounds for imposition by the Court of any and all sanctions . . . within the inherent power of the Court."  District courts have the inherent power to control their dockets and "[i]n the exercise of that power they may impose sanctions including, where appropriate, . . .

---

[1] As Mr. Bobadilla is not a party to this action, the declaration is not properly before the Court. Fed. R. Civ. P. 11(a); Local Rule 131(b).  Nevertheless, in an abundance of caution, the Court has reviewed the declaration in reference to Plaintiff's motions for sanctions and evidentiary hearing, and it does not change the Court's analysis.

dismissal." <u>Thompson v. Hous. Auth.</u>, 782 F.2d 829, 831 (9th Cir. 1986). A court may dismiss an action, with prejudice, based on a party's failure to prosecute an action, failure to obey a court order, or failure to comply with local rules. <u>See</u>, <u>e.g.</u>, <u>Ghazali v. Moran</u>, 46 F.3d 52, 53–54 (9th Cir. 1995) (dismissal for noncompliance with local rule); <u>Ferdik v. Bonzelet</u>, 963 F.2d 1258, 1260–61 (9th Cir. 1992) (dismissal for failure to comply with an order requiring amendment of complaint); <u>Malone v. U.S. Postal Serv.</u>, 833 F.2d 128, 130–33 (9th Cir. 1987) (dismissal for failure to comply with court order).

In determining whether to dismiss an action, the Court must consider several factors: (1) the public's interest in expeditious resolution of litigation; (2) the Court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions. <u>Henderson v. Duncan</u>, 779 F.2d 1421, 1423 (9th Cir. 1986); <u>Carey v. King</u>, 856 F.2d 1439, 1440 (9th Cir. 1988).

## B. Analysis

At this juncture, further factual development is unnecessary, and Plaintiff's motion for evidentiary hearing is denied. Based on the numerous filings and arguments of the parties regarding this issue, the Court finds that Plaintiff's missing boxes of legal property were at some point in time in the custody of CDCR, and although Defendants conducted a good faith search, the property could not be located. Moreover, the Court finds that the missing boxes of legal property are necessary for Plaintiff to provide further responses to Defendants' interrogatories. Accordingly, the Court does not find that sanctions against Plaintiff—either evidentiary or terminating—are warranted.

Defendants argue that Plaintiff has failed to comply with the Court's orders and to provide responses, without objections, to their interrogatories. However, Defendants fail to acknowledge that Plaintiff's noncompliance stems from the loss of the detailed notes, logs, and other legal materials that were in the possession and custody of CDCR. The Court declines to impose sanctions against Plaintiff for the loss of property that was not within his control.

With respect to Plaintiff's motion for sanctions, under these circumstances sanctions against Defendants are appropriate, but should not be severe. <u>See</u> <u>In re Napster, Inc. Copyright</u>

Litig., 462 F. Supp. 2d 1060, 1066–67 (9th Cir. 2006) ("[A] party's motive or degree of fault in destroying evidence is relevant to what sanction, if any, is imposed.") (citations omitted). The Court finds that Defendants conducted multiple good faith searches in attempting to locate the missing property, and there is no evidence of bad faith. The boxes of legal property were last in the possession and custody of CDCR. Defendants, not Plaintiff, should bear the burden of the loss of the information, as the evidence was lost while in CDCR's control.

For the purposes of the pending summary judgment motion, Defendants will be permitted an opportunity to file a reply to Plaintiff's opposition, but must do so absent further discovery responses. When the motion is fully briefed, the Court will decide the motion on the basis of the undisputed evidence presented, viewed in the light most favorable to Plaintiff. Albino v. Baca, 747 F.3d 1162, 1166 (9th Cir. 2014) (en banc). The Court declines to impose the additional sanctions Plaintiff requests.

The Court further notes that the inadvertent loss of Plaintiff's legal property may not, by itself, be sufficient for him to survive summary judgment. See Med. Lab. Mgmt. Consultants v. ABC, Inc., 306 F.3d 806, 825 (9th Cir. 2002) (citations omitted). Plaintiff must come forward with some evidence supporting his claim. Id. (citing Kronisch v. United States, 150 F.3d 112, 128 (2d Cir. 1998) (if a party "has produced no evidence—or utterly inadequate evidence—in support of a given claim," the destruction of evidence "standing alone" will not allow the party to survive summary judgment on that claim); Byrnie v. Cromwell Bd. of Educ., 243 F.3d 93, 107 (2d Cir. 2001) ("In borderline cases, an inference of spoliation, in combination with 'some (not insubstantial) evidence' for the plaintiff's cause of action, can allow the plaintiff to survive summary judgment.") (citation omitted)).

### IV. Conclusion and Order

Accordingly, IT IS HEREBY ORDERED as follows:

1. Plaintiff's motion for sanctions and contempt (ECF No. 100) is GRANTED IN PART and DENIED IN PART, as discussed above;

2. Plaintiff's motion for evidentiary hearing (ECF No. 101) is DENIED;

3. Defendants' motion for terminating sanctions, or in the alternative, motion for evidentiary

sanctions (ECF No. 105) is DENIED; and

4. Defendants shall file a reply in support of the pending motion for summary judgment, if any, within **fourteen (14) days** from the date of service of this order.

IT IS SO ORDERED.

Dated:   **September 14, 2017**                    /s/ *Barbara A. McAuliffe*
                                                    UNITED STATES MAGISTRATE JUDGE