# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHARLES W. WINDHAM,<br><br>    Plaintiff,<br><br>v.<br><br>M. MARIN, et al,<br><br>    Defendants. | Case No. 1:14-cv-01636-DAD-BAM (PC)<br><br>ORDER DENYING MOTION FOR RECONSIDERATION<br><br>(ECF No. 134) |

Plaintiff Charles W. Windham ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. This action proceeds on Plaintiff's Eighth Amendment claims of excessive force against Defendants Marin, Uribe, Rasley, Contreras, Capano, Rubio, and Doe #1, and for deliberate indifference to serious medical needs against Defendants Navarro, Morales, Marin, and Shiver.

On September 15, 2017, the Court issued an order: (1) granting in part and denying in part Plaintiff's motion for sanctions and contempt; (2) denying Plaintiff's motion for evidentiary hearing; (3) denying Defendants' motion for terminating sanctions, or in the alternative, evidentiary sanctions; and (4) directing Defendants to file a reply to Plaintiff's opposition to their motion for summary judgment within fourteen days. (ECF No. 131.) On October 12, 2017, Plaintiff filed objections to that order, which the Court will construe as a motion for reconsideration. Defendants have not had the opportunity to file a response, but the Court finds a response unnecessary. The motion is deemed submitted. Local Rule 230(l).

1

"A motion for reconsideration should not be granted, absent highly unusual circumstances, unless the district court is presented with newly discovered evidence, committed clear error, or if there is an intervening change in the controlling law," Marlyn Nutraceuticals, Inc. v. Mucos Pharma GmbH & Co., 571 F.3d 873, 880 (9th Cir. 2009) (internal quotations marks and citations omitted), and "[a] party seeking reconsideration must show more than a disagreement with the Court's decision, and recapitulation . . ." of that which was already considered by the Court in rendering its decision, U.S. v. Westlands Water Dist., 134 F. Supp. 2d 1111, 1131 (E.D. Cal. 2001) (internal quotation marks and citation omitted). Additionally, pursuant to this Court's Local Rules, when filing a motion for reconsideration of an order, a party must show "what new or different facts or circumstances are claimed to exist which did not exist or were not shown upon such prior motion, or what other grounds exist for the motion." Local Rule 230(j).

Plaintiff argues that the Court erred in denying his motion for evidentiary hearing, and denying his motion for sanctions. Plaintiff reiterates that he believes Defendants have acted in bad faith regarding his missing legal property, and sanctions were warranted. Plaintiff argues, inter alia, that the Court should have entered full summary judgment in Plaintiff's favor.

Plaintiff's objections merely restate the arguments presented in the numerous filings and arguments of the parties regarding this issue. Plaintiff fails to show that the Court has committed clear error, and he has presented no new or different facts or circumstances which did not exist or were not shown upon a prior motion, or any other grounds that exist for the motion. Therefore, Plaintiff has failed to set forth grounds entitling him to reconsideration of the Court's September 15, 2017 order.

Accordingly, Plaintiff's motion for reconsideration, (ECF No. 134) is HEREBY DENIED.

IT IS SO ORDERED.

Dated: **October 17, 2017**   /s/ *Barbara A. McAuliffe*
UNITED STATES MAGISTRATE JUDGE