# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHARLES W. WINDHAM, | Case No. 1:14-cv-01636-DAD-BAM (PC) |
| Plaintiff, | FINDINGS AND RECOMMENDATIONS REGARDING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT FOR FAILURE TO EXHAUST ADMINISTRATIVE REMEDIES |
| v. | |
| M. MARIN, et al, | |
| Defendants. | (ECF No. 49) |
| | **FOURTEEN (14) DAY DEADLINE** |

## FINDINGS AND RECOMMENDATIONS

**I.  Background**

Plaintiff Charles W. Windham ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983.  This action proceeds on Plaintiff's Eighth Amendment claims of excessive force against Defendants Marin, Uribe, Rasley, Contreras, Capano, Rubio, and Doe #1, and for deliberate indifference to serious medical needs against Defendants Navarro, Morales, Marin, and Shiver.

On September 2, 2015, Defendants filed a motion for summary judgment pursuant to Federal Rule of Civil Procedure 56, arguing Plaintiff has failed to exhaust his administrative remedies.[1]  Fed. R. Civ. P. 56(c), Albino v. Baca, 747 F.3d 1162, 1166 (9th Cir. 2014) (en banc),

---
[1] Concurrent with this motion, Plaintiff was provided with notice of the requirements for opposing a motion for

1

cert. denied, 135 S. Ct. 403 (2014). (ECF No. 49.) After multiple extensions of time, Plaintiff filed an opposition on October 13, 2016. (ECF Nos. 72–75.)

In a series of motions filed thereafter, Defendants contended that they could not file a reply in support of the pending motion for summary judgment because Plaintiff had provided insufficient responses to certain Special Interrogatories. Plaintiff, in turn, argued that he could not provide additional responses to Defendants' discovery requests because he had not been issued any of his stored property, including his case files, evidence, briefs, and notes. After hearing oral argument from the parties, the Court found that Plaintiff's legal property was last in the possession and custody of CDCR, and therefore Defendants should bear the burden of the loss of information. The Court denied Defendants' request for sanctions, and directed Defendants to file any reply in support of the pending summary judgment motion without further discovery responses. (ECF No. 131.)

Defendants filed a reply on September 22, 2017. (ECF No. 133.) The motion is deemed submitted. Local Rule 230(l).

**II.     Legal Standard**

    **A.     Statutory Exhaustion Requirement**

Section 1997e(a) of the Prison Litigation Reform Act of 1995 provides that "[n]o action shall be brought with respect to prison conditions under [42 U.S.C. § 1983], or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). Exhaustion is required regardless of the relief sought by the prisoner and regardless of the relief offered by the process, Booth v. Churner, 532 U.S. 731, 741 (2001), and the exhaustion requirement applies to all prisoner suits relating to prison life, Porter v. Nussle, 534 U.S. 516, 532 (2002).

The failure to exhaust is an affirmative defense, and the defendants bear the burden of raising and proving the absence of exhaustion. Jones v. Bock, 549 U.S. 199, 216 (2007); Albino, 747 F.3d at 1166. "In the rare event that a failure to exhaust is clear on the face of the complaint,

---

summary judgment. See Woods v. Carey, 684 F.3d 934 (9th Cir. 2012); Rand v. Rowland, 154 F.3d 952, 957 (9th Cir. 1988); Klingele v. Eikenberry, 849 F.2d 409, 411–12 (9th Cir. 1988). (ECF No. 49-7.)

a defendant may move for dismissal under Rule 12(b)(6)." Albino, 747 F.3d at 1166. Otherwise, the defendants must produce evidence proving the failure to exhaust, and they are entitled to summary judgment under Rule 56 only if the undisputed evidence, viewed in the light most favorable to the plaintiff, shows he failed to exhaust. Id.

Defendants must first prove that there was an available administrative remedy and that Plaintiff did not exhaust that available remedy. Williams v. Paramo, 775 F.3d 1182, 1191 (9th Cir. 2015) (citing Albino, 747 F.3d at 1172) (quotation marks omitted). The burden then shifts to Plaintiff to show something in his particular case made the existing and generally available administrative remedies effectively unavailable to him. Williams, 775 F.3d at 1191 (citing Albino, 747 F.3d at 1172) (quotation marks omitted). The ultimate burden of proof on the issue of exhaustion remains with Defendants. Id. (quotation marks omitted).

**B.     Summary Judgment Standard**

Any party may move for summary judgment, and the Court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a) (quotation marks omitted); Albino, 747 F.3d at 1166; Wash. Mut. Inc. v. United States, 636 F.3d 1207, 1216 (9th Cir. 2011). Each party's position, whether it be that a fact is disputed or undisputed, must be supported by (1) citing to particular parts of materials in the record, including but not limited to depositions, documents, declarations, or discovery; or (2) showing that the materials cited do not establish the presence or absence of a genuine dispute or that the opposing party cannot produce admissible evidence to support the fact. Fed. R. Civ. P. 56(c)(1) (quotation marks omitted). The Court may consider other materials in the record not cited to by the parties, although it is not required to do so. Fed. R. Civ. P. 56(c)(3); Carmen v. S.F. Unified Sch. Dist., 237 F.3d 1026, 1031 (9th Cir. 2001); accord Simmons v. Navajo Cty., Ariz., 609 F.3d 1011, 1017 (9th Cir. 2010).

The defendants bear the burden of proof in moving for summary judgment for failure to exhaust, Albino, 747 F.3d at 1166, and they must "prove that there was an available administrative remedy, and that the prisoner did not exhaust that available remedy," id. at 1172. If the defendants carry their burden, the burden of production shifts to the plaintiff "to come

forward with evidence showing that there is something in his particular case that made the existing and generally available administrative remedies effectively unavailable to him." Id. "If undisputed evidence viewed in the light most favorable to the prisoner shows a failure to exhaust, a defendant is entitled to summary judgment under Rule 56." Id. at 1166. However, "[i]f material facts are disputed, summary judgment should be denied, and the district judge rather than a jury should determine the facts." Id.

**III. Discussion**

**A. Summary of CDCR's Administrative Review Process**

The California Department of Corrections and Rehabilitation ("CDCR") has an administrative grievance system for prisoner complaints. Cal. Code Regs., tit. 15 § 3084.1. Pursuant to this system, an inmate may appeal "any policy, decision, action, condition, or omission by the department or its staff that the inmate . . . can demonstrate as having a material adverse effect upon his . . . health, safety, or welfare." Id. at § 3084.1(a).

The process is initiated by submitting a CDCR Form 602, Inmate/Parolee Appeal. Id. at § 3084.2(a). In the appeal form, prisoners must list all staff members involved and describe their involvement in the issue. Id. at § 3084.2(a)(3). If the inmate does not have the requested identifying information about the staff member, he must provide any other available information that would assist the appeals coordinator in making a reasonable attempt to identify the staff member in question. Id.

Three levels of review are involved—a first level review, a second level review and a third level review. Id. at §§ 3084.5(c)–(e), 3084.7. Bypassing a level of review may result in rejection of the appeal. Id. at § 3084.6(b)(15). Under the PLRA, a prisoner has exhausted his administrative remedies when he receives a decision at the third level. See Barry v. Ratelle, 985 F.Supp. 1235, 1237–38 (S.D. Cal. 1997).

**B. Summary of Relevant Allegations**

In his complaint, Plaintiff alleges that on September 11, 2014, Defendants Marin, Raley, Contreras, and Uribe were standing at the 3B02 podium. After Plaintiff turned away from Defendants and began walking away, he was attacked by the defendants. Plaintiff sustained

multiple serious injuries.

Responding alarm staff, Defendants Capano, Rubio and Doe #1 arrived on the scene. The defendants, including responding defendants, continued to kick and stomp Plaintiff, who was prone, restrained, and compliant.

Defendants Capano, Rubio, and Doe #1 shoved Plaintiff out of the rotunda, followed by Defendants Marin and Raley. Outside, defendants slammed Plaintiff into a hot concrete wall, and Defendants Marin and Raley began striking Plaintiff with clenched fists. Defendant Marin then ordered the guards to take Plaintiff to program.

Defendants Capano, Rubio and Doe #1 then paraded Plaintiff, who was barefoot, up and down the gravel rocks. These defendants slammed Plaintiff's head against the Program Office wall while threatening and taunting him. Plaintiff had been telling these defendants that he could not breathe, felt sick to his stomach, and his feet were cut and burning. They ignored him and shoved him into a cage while handcuffed.

Plaintiff was handcuffed for 13 ½ hours in a small, unventilated, non-air-conditioned room. Plaintiff kept asking Defendant Navarro to loosen the cuffs or remove them, but Defendant Navarro refused. While confined in the room, Plaintiff repeatedly requested medical attention from Defendants Morales and Shiver, but his requests were refused or ignored.

Later, Plaintiff was taken to the prison hospital's emergency room holding cage area. Plaintiff asked Defendant Navarro to get the doctor, but Defendant Navarro refused. Plaintiff alleges that he was never examined or treated for his injuries.

### C. Statement of Undisputed Facts[2]

1. Plaintiff alleges that he was subject to excessive force, cruel and unusual conditions of confinement and denied medical care on or about September 11, 2014.
2. Plaintiff was at the time of the incident and at the time of filing this action an inmate at California State Prison, Corcoran.

///

---

[2] See Defendant's Statement of Undisputed Facts in Support of Motion for Summary Judgment for Failure to Exhaust Administrative Remedies, (ECF No. 49-1), and Plaintiff's Reply [Admissions and Denials], (ECF No. 73). Any facts which the parties dispute are not included in this statement of undisputed facts.

3. An administrative remedy process existed at California State Prison, Corcoran during the relevant time frame.[3]
4. Inmate appeals are processed by the institution's appeals coordinator if they are not related to healthcare issues. (Pacillas Decl. ¶ 3.)
5. Healthcare appeals are processed by a healthcare appeals coordinator at the institution. (Williams Decl. ¶ 2.)
6. Non-healthcare appeals at the third level are handled by the Office of Appeals. (Voong Decl. ¶ 2.)
7. Healthcare appeals at the third level are handled by the California Correctional Health Care Services, Inmate Correspondence and Appeals Branch. (Robinson Decl. ¶¶ 1–2.)
8. Plaintiff has admitted through the pleadings that he failed to exhaust his administrative remedies. He claims that he is excused from the process because a Lieutenant allegedly tore-up his CDCR Form 602 appeal and threatened him on September 17, 2014. (ECF No 46, 4:1–28.)

### E. Exhaustion of Administrative Remedies

#### 1. Parties' Positions

Defendants argue that it is unlikely that Plaintiff exhausted his administrative remedies at the institution, given that he signed the Complaint on September 26, 2014 and it was filed on October 6, 2014, twenty-five days after the alleged incident. Defendants state that they have failed to discover any evidence that Plaintiff submitted an accepted inmate appeal at any level of review, and Plaintiff has admitted in the pleadings that he did not exhaust his administrative remedies. Defendants contend that California State Prison, Corcoran ("CSP-Corcoran") has an available administrative remedy process, but Plaintiff failed to submit an accepted healthcare or non-healthcare related appeal at any level of review. Finally, Defendants contend that, having met their burden to make a "preliminary showing," an <u>Albino</u> hearing is necessary to determine whether Plaintiff can meet his burden of persuasion that the administrative remedy process was

---

[3] While Plaintiff disputes that the administrative remedy process was "available," (ECF No. 73, p. 4), he does not dispute that an administrative remedy process existed.

rendered unavailable to him. Defendants intend to present live testimony disputing Plaintiff's claim in that regard.

Plaintiff argues that CSP-Corcoran claims to have an available administrative remedy process, but that was not true in the instant and other cases. Plaintiff states that on or about September 17, 2014, he drafted and submitted a CDCR-602 Inmate Appeal Form from the CSP-Corcoran prison hospital. Later that day, Plaintiff was threatened with more beatings and worse by an unidentified Lieutenant guard if he did not immediately drop the matter. The 602 Form was then torn up in front of Plaintiff. (ECF No. 73, p. 5.) Plaintiff contends that his incident-related appeal was timely submitted via hospital mail. (ECF No. 75, p. 6.) However, because a Lieutenant tore it up in front of him and threatened him, his appeal is deemed exhausted in full by law and he is excused from any further appeals of this incident and may proceed with the filing of his federal suit. (Id. at 5.) Plaintiff further notes that he prepared his opposition without access to his court/legal copies, files, records, and notes to include as further evidence or support in his opposition. (Id. at 7.)

In their reply, Defendants contend that by the date this action was filed, Plaintiff still had four days to submit a new inmate appeal concerning the incident at issue. Moreover, Plaintiff could have submitted an inmate appeal concerning the Lieutenant who allegedly destroyed Plaintiff's appeal. Defendants argue that although there is an exception to the PLRA's exhaustion requirement "where a prison official renders administrative remedies effectively unavailable by improperly screening a prisoner's grievances," Plaintiff has submitted no plausible evidence to prove that the exception applies. Defendants further argue that the allegations raised in Plaintiff's opposition contradict the allegations within the complaint, because Plaintiff failed to allege in the complaint any form of destruction of his purportedly filed 602. Rather, Plaintiff states that he sent his administrative appeal to the COR Appeals Office and "Received Customary Non-Response; Mail Tampering by Prison Officials" and that he requested investigation by the California Office of the Inspector General and the U.S. Postal Inspection Service into mail processing and tampering by CSP-Corcoran appeal staff and guards. (ECF No. 1, p. 2.) Defendants again request that should the Court find a genuine issue of material fact exists, that it

7

| | |
|---|---|
| 1 | hold an evidentiary hearing to determine whether Plaintiff has exhausted his administrative |
| 2 | remedies. |

### 2. Discussion and Findings

The event giving rise to the claims at issue in the instant action occurred on September 11, 2014, and Plaintiff filed the original complaint in this action on October 6, 2014. There is no dispute that a grievance process existed at CSP-Corcoran during the relevant time frame. Plaintiff also does not dispute that he failed to exhaust his administrative remedies. However, Plaintiff claims that the levels of review should be deemed exhausted in full as to all defendants in this action because a CDCR prison guard staff member tore up his appeal related to this incident and threatened him.

In <u>McBride v. Lopez</u>, 807 F.3d 982 (9th Cir. 2015), the Ninth Circuit held that a threat of retaliatory action by a prison official would render a prison grievance system unavailable so as to excuse a prisoner's failure to exhaust administrative remedies if the following conditions are met:

1. The threat of retaliation actually did deter the plaintiff inmate from lodging a grievance or pursuing a particular part of the process; and
2. The threat is one that would deter a reasonable inmate of ordinary firmness and fortitude from lodging a grievance or pursuing the part of the grievance process that the inmate failed to exhaust.

<u>McBride</u>, 807 F.3d at 987.

Here, Plaintiff declares, under penalty of perjury, that he drafted and submitted an appeal on September 17, 2014 from the CSP-Corcoran prison hospital regarding the September 11, 2014 incident. Plaintiff does not include any further information regarding the contents of the appeal. Plaintiff states that his appeal was intercepted by an unknown Lieutenant, who threatened Plaintiff with further beatings if he did not immediately drop the matter and then tore up the appeal in front of Plaintiff. Defendants argue in opposition that Plaintiff has failed to submit plausible evidence of this incident, and that the facts are at odds with the allegations in the complaint.

As discussed in the Court's September 15, 2017 order regarding the parties' motions for sanctions and other relief, Defendants, not Plaintiff should bear the loss of the information

contained in Plaintiff's missing boxes of legal property. To the extent that additional documentation or evidence existed, Plaintiff did not have access to those materials at the time his opposition was filed, nor were those documents located or returned to Plaintiff thereafter. Thus, the Court finds that Plaintiff's declaration, submitted under penalty of perjury, combined with the loss of Plaintiff's legal property, is sufficient to establish a genuine issue of material fact as to whether Plaintiff drafted an appeal relevant to the September 11, 2014 incident, whether Plaintiff actually was threatened with retaliation for pursuing that appeal, and whether that actually stopped Plaintiff from filing or re-filing a grievance.

Further, the threats by the Lieutenant alleged by Plaintiff in his declaration are clear enough that, for purposes of Defendants' motion for summary judgment, a reasonable inmate would be deterred from submitting a grievance involving the incident at issue for fear he might make good on his retaliatory threat.

For these reasons, Defendants are not entitled to summary judgment for the failure to exhaust administrative remedies. The factual contentions raised by Plaintiff cannot be resolved by way of motion for summary judgment. Without examining all the facts and claims and weighing the evidence, the Court cannot resolve whether or not the administrative remedies were effectively unavailable to Plaintiff.

The Court must recommend that Defendants' motion for summary judgment be denied, subject to the requested evidentiary hearing to resolve whether Plaintiff is excused from the Prison Litigation Reform Act's exhaustion requirement because administrative remedies were "effectively unavailable." See Albino, 747 F.3d at 1172.

**IV.     Recommendation**

Accordingly, IT IS HEREBY RECOMMENDED that Defendants' motion for summary judgment, (ECF No. 49), be DENIED, subject to an evidentiary hearing.

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l). Within **fourteen (14) days** after being served with these Findings and Recommendations, the parties may file written objections with the Court. The document should be captioned "Objections to

Magistrate Judge's Findings and Recommendations." The parties are advised that failure to file objections within the specified time may result in the waiver of the "right to challenge the magistrate's factual findings" on appeal. <u>Wilkerson v. Wheeler</u>, 772 F.3d 834, 839 (9th Cir. 2014) (citing <u>Baxter v. Sullivan</u>, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

    Dated: **January 31, 2018**        /s/ *Barbara A. McAuliffe*
                                                 UNITED STATES MAGISTRATE JUDGE