UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHARLES W. WINDHAM,<br><br>        Plaintiff,<br><br>    v.<br><br>M. MARIN, et al.,<br><br>        Defendants. | Case No.: 1:14-cv-01636-DAD-BAM (PC)<br><br>ORDER DENYING PLAINTIFF'S MOTION FOR APPOINTMENT OF COUNSEL FOR EVIDENTIARY HEARING<br><br>(ECF No. 142) |

Plaintiff Charles W. Windham ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. This action proceeds on Plaintiff's Eighth Amendment claims of excessive force against Defendants Marin, Uribe, Rasley, Contreras, Capano, and Rubio, and for deliberate indifference to serious medical needs against Defendants Navarro, Morales, Marin, and Shiver.

On March 22, 2018, the Court issued an order setting an evidentiary hearing on the issue of exhaustion of administrative remedies. (ECF No. 141.) On March 23, 2018, Plaintiff filed the instant motion requesting the appointment of counsel to represent him at the evidentiary hearing. (ECF No. 142.) Plaintiff requests the appointment of counsel to assist him in conducting cross-examinations of state actor witnesses at the hearing, and argues that counsel is required for fundamental fairness, timeliness of hearing proceedings, and so as not to waste scarce judicial resources. (Id.)

///

1

As Plaintiff was previously informed, he does not have a constitutional right to appointed counsel in this action, Rand v. Rowland, 113 F.3d 1520, 1525 (9th Cir. 1997), rev'd in part on other grounds, 154 F.3d 952, 954 n.1 (9th Cir. 1998), and the court cannot require an attorney to represent plaintiff pursuant to 28 U.S.C. § 1915(e)(1). Mallard v. U.S. Dist. Ct. for the S. Dist. of Iowa, 490 U.S. 296, 298 (1989). However, in certain exceptional circumstances the court may request the voluntary assistance of counsel pursuant to section 1915(e)(1). Rand, 113 F.3d at 1525.

Without a reasonable method of securing and compensating counsel, the court will seek volunteer counsel only in the most serious and exceptional cases. In determining whether "exceptional circumstances exist, a district court must evaluate both the likelihood of success on the merits [and] the ability of the [plaintiff] to articulate his claims pro se in light of the complexity of the legal issues involved." Id. (internal quotation marks and citations omitted).

The Court has considered Plaintiff's renewed motion for the appointment of counsel, but again does not find the required exceptional circumstances. As previously indicated, this Court is faced with similar cases filed by prisoners proceeding in forma pauperis almost daily. These prisoners also must prosecute claims without the assistance of counsel. Based on Plaintiff's litigation of this action thus far, there is no indication that Plaintiff is unable to articulate or diligently prosecute his claims at an evidentiary hearing.

Furthermore, at this stage in the proceedings, the Court cannot make a determination that Plaintiff is likely to succeed on the merits. Although the Court has determined Plaintiff has stated some claims which may proceed in litigation, it has not determined that those claim have a likelihood of being ultimately successful.

For the foregoing reasons, Plaintiff's motion for the appointment of counsel, (ECF No. 142), is HEREBY DENIED without prejudice.

IT IS SO ORDERED.

Dated: __March 28, 2018__     /s/ *Barbara A. McAuliffe*
                                                          UNITED STATES MAGISTRATE JUDGE