# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHARLES W. WINDHAM,<br><br>                   Plaintiff,<br><br>       v.<br><br>MARIN, et al.,<br><br>                   Defendants. | Case No. 1:14-cv-01636-DAD-BAM (PC)<br><br>ORDER DIRECTING PARTIES TO MEET AND CONFER AND DIRECTING DEFENDANTS TO RESPOND TO PLAINTIFF'S NOTICE OF VOLUNTARY DISMISSAL<br><br>(ECF No. 144)<br><br>**Defendants' Response Due: April 13, 2018**<br>**Plaintiff's Response Due: April 20, 2018** |

Plaintiff Charles W. Windham ("Plaintiff") is a state prisoner proceeding *pro se* and *in forma pauperis* in this civil rights action pursuant to 42 U.S.C. § 1983. This action proceeds on Plaintiff's Eighth Amendment claims of excessive use of force against Defendants Marin, Uribe, Rasley, Contreras, Capano, and Rubio, and for deliberate indifference to serious medical needs against Defendants Navarro, Morales, Marin, and Shiver. This matter is currently set for an evidentiary hearing on the issue of exhaustion on May 10, 2018. (ECF No. 141.)

Currently before the Court is Plaintiff's notice of voluntary dismissal of this action and request to cancel the scheduled evidentiary hearing and related transport order. (ECF No. 144.) Plaintiff asserts that he has received reprisals in the form of physical attacks, ongoing harassment, and unlawful removal of his legal property by custody staff, and the Court has not sufficiently responded to his allegations. Plaintiff further states that upon further reflection, his imminent

1

transport to Corcoran State Prison for the evidentiary hearing is too disruptive to him and will cause a major inconvenience. Thus, Plaintiff requests dismissal of this action, cancellation of the May 10, 2018 evidentiary hearing, and cancellation of the transport order. (Id.)

Under Rule 41(a)(1)(A)(i) of the Federal Rules of Civil Procedure, " 'a plaintiff has an absolute right to voluntarily dismiss his action prior to service by the defendant of an answer or a motion for summary judgment.' " Commercial Space Mgmt. Co., Inc. v. Boeing Co., Inc., 193 F.3d 1074, 1077 (9th Cir. 1999) (quoting Wilson v. City of San Jose, 111 F.3d 688, 692 (9th Cir. 1997)). Here, Defendants have filed a motion for summary judgment, so Plaintiff cannot voluntarily dismiss this action pursuant to Rule 41(a)(1)(A)(i).

Federal Rule of Civil Procedure 41(a)(1)(A)(ii) provides that a "plaintiff may dismiss an action without a court order by filing a stipulation of dismissal signed by all parties who have appeared." Fed. R. Civ. P. 41(a)(1)(A)(ii). Therefore, Plaintiff may dismiss this action by filing a stipulation of dismissal that is signed by all parties who have appeared.

A party may also dismiss an action by filing a motion requesting the Court to dismiss the action. Fed. R. Civ. P. 41(a)(2). A motion for voluntary dismissal under Rule 41(a)(2) is addressed to the sound discretion of the district court. Hamilton v. Fireston Tire & Rubber Co. Inc., 679 F.2d 143, 145 (9th Cir. 1982).

Here, it is unclear whether Plaintiff intended to file a motion for voluntary dismissal of this action, and whether the requested dismissal is with or without prejudice. Therefore, the Court finds it appropriate to require the parties to meet and confer regarding Plaintiff's filing.

Based on the foregoing, it is HEREBY ORDERED as follows:

1. The parties SHALL meet and confer regarding Plaintiff's notice of voluntary dismissal, (ECF No. 144);
2. Prior to the meet and confer, Defendants are DIRECTED to serve a courtesy copy of this order on Plaintiff via the Litigation Coordinator at the institution where he is currently housed;

///

///

2

3. On or before **Friday, April 13, 2018**, Defendants are DIRECTED to file:
    a. A response to the notice;
    b. A stipulation to dismiss this action pursuant to Federal Rule of Civil Procedure 41(a)(1)(A)(ii), specifying whether the dismissal is with or without prejudice; **or**
    c. If the parties do not intend to seek dismissal of this action, a statement setting forth the witnesses and documents Defendants intend to present at the evidentiary hearing, pursuant to the Court's March 22, 2018 order;
4. Plaintiff is DIRECTED to file a confirmation of his intent to dismiss this action, with prejudice, on or before **Friday, April 20, 2018**; Plaintiff is relieved of this obligation if Plaintiff executes the above stipulation **,** and
5. Plaintiff's transport for the scheduled evidentiary hearing is stayed pending confirmation of the parties' intent.

IT IS SO ORDERED.

Dated: **April 9, 2018**          /s/ *Barbara A. McAuliffe*
                                 UNITED STATES MAGISTRATE JUDGE